MARGARET L. BARKER *vs.* EDWARD M. LANE.

PROVIDENCE—JULY 22, 1901.

PRESENT : Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Negligence. Professional Skill. Physicians and Surgeons. Evidence.*

Whether a physician used proper professional skill and diligence in treating a patient is a question which must be determined by the testimony of experts in medicine and surgery.

(2)  *Negligence.  Professional Skill.*

An error of judgment on the part of a physician in the treatment of a patient is not enough to sustain an action for negligence for injuries resulting therefrom.

(3)  *New Trial.  End to Litigation.*

Where a case has been tried five times with varying results, nine years having elapsed since the cause of action accrued, and two verdicts for the plaintiff have been set aside as against the evidence, several witnesses having in the mean time deceased, the court will order judgment entered for defendant.

TRESPASS ON THE CASE for negligence.  The facts are stated in the opinion.  Heard on petition of defendant for a new trial.  Judgment ordered to be entered for defendant.

PER CURIAM.    The verdict in this case is clearly against the evidence.    Whether the defendant used proper professional skill and diligence in treating the plaintiff's arm was a question which must be determined by the testimony of experts (1) in medicine and surgery.    A number of these were called, some by the plaintiff and some by the defendant, and they all substantially agree that the method of treatment adopted by the defendant was professional and proper.    Taking their testimony in its strongest light in favor of the plaintiff, it only shows an error of judgment on the part of defendant in (2) treating plaintiff's arm ; and such an error merely is not enough to maintain an action of this sort.

(3)    The treatment of which the plaintiff complains occurred in 1892, but no action therefor was brought until 1895.    The case has now been tried five times with varying results, and in 1897 a verdict for the plaintiff was set aside by the court for the same reason that the present verdict is set aside.  The declaration has been repeatedly amended, and at least four of the original witnesses are now dead.    The court is of opinion that the plaintiff, after the lapse of nearly nine years, must be presumed to have presented all the evidence which is now available in her behalf, and that the interests of justice will not be subserved by a further prolongation of this litigation.    "*Interest republicæ ut sit finis litium.*"    The case will therefore be remanded to the Common Pleas Divis-

ion with direction to enter judgment for the defendant. Gen. Laws cap. 251, § 11.

*Hugh J. Carroll*, for plaintiff.

*Charles E. Gorman*, for defendant.