CRANSTON PRINT WORKS COMPANY *vs.* AMERICAN TELE-
PHONE & TELEGRAPH CO.

JUNE 23, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, and Rathbun, JJ.

*(1)  Evidence.  Hearsay.*

Agency cannot be established by proof of the badges worn by the men who
did the work or the teams used by them nor by declarations by unidentified
workmen not made in connection with the business of the employer, but as
part of a casual conversation with a bystander.

*(2)  Verdicts.  Non Suit.*

Upon close of testimony defendant moved for direction of a verdict and the
court over the objection of both parties nonsuited the plaintiff.

*Held,* error for if there is no legal evidence to support a verdict it is the duty
of the court to direct a verdict for defendant and it cannot at that stage
of the proceedings order an involuntary nonsuit, and plaintiff likewise has
the right to go to the jury if on consideration of the entire evidence there
is sufficient evidence to warrant submission to a jury.

*(3)  Non Suit.  Direction of Verdict.*

If a plaintiff has failed to prove a *prima facie* case a non suit may be granted,
or if it appears from plaintiff's case that in any event he has not the right
to a verdict, a verdict may -be directed for defendant.  Each of these
motions is addressed to the discretion of the court and no exception lies to
the denial of either.  The court is not bound to rule upon the sufficiency
of plaintiff's evidence to maintain the action before the whole testimony is
closed upon both sides but on a motion to direct a verdict for defendant
after the testimony is closed on both sides, the court is bound to consider
all of the testimony and not simply plaintiff's testimony and defendant is
entitled -to have the cause proceed to a final decision and to have a verdict
on the case as submitted by both parties and the court cannot grant
a non suit.

COVENANT. Heard on exceptions of both parties.  Ex-
ceptions of defendant sustained.

STEARNS, J.  The action is on covenant.  The case is
here on bills of exceptions of both plaintiff and defendant.

In 1889, by agreement under seal, plaintiff granted to
defendant permission to erect poles and to run telephone
wires to be attached thereto, over and across an open lot
owned by plaintiff adjacent to a public highway in Cranston.
Defendant covenanted to indemnify plaintiff from and
against all loss, damages and expenses due to the erection

and maintenance of said poles and wires.   At the trial plaintiff introduced in evidence the record of the Superior Court in the case of *Marion Carr* v. *Cranston Print Works Co.* to show that a judgment was rendered in said court against plaintiff for the sum of $5,000 which judgment plaintiff was obliged to and did pay.

The *Carr* case was an action on the case for negligence in which Marion Carr, plaintiff, claimed that in March, 1914, she sustained personal injuries by falling over the stump of a pole, apparently on a sidewalk but actually a few feet from it, and inside the boundary line of the open lot of land owned by the Cranston Print Works Co.   Plaintiff company claims that the pole in question was erected and later cut down by defendant's agents, and in this action asks to be reimbursed for the damages it was compelled to pay in the *Carr* case by reason of the alleged neglect of defendant in leaving the stump of the pole in an unsafe condition. From the testimony it appears that the defendant company erected and maintained certain telephone poles on the lot in question, also that there were other poles on which wires were strung belonging to other parties.   George F. McDonald, a witness called by the plaintiff, testified that he was formerly in the employ of the defendant; in 1896 he was instructed by defendant to remove the wires on certain poles belonging to defendant and such poles as he found had no other attachments, on the line running from Park avenue, Cranston to Pawtucket.   This line crossed plaintiff's property.   Witness did not know whether he removed any poles from Cranston Print Works' land; of the poles that were removed some were cut off at the surface of the ground and the stumps were left; others were dug out of the ground and removed.

(1)   Another witness, one Wilbur, testified that he saw a telegraph pole erected on the site of the stump in question on the lot on south side of Cranston street, and that it was subsequently cut down.   He was then asked the question, "Do you know who put that telegraph pole there," to which he answered, "only by the badges and teams they were

using when they set those poles." The witness was then asked what badges and teams were there; on objection counsel for plaintiff said, "I submit that is the only way it can be proved. The American Telephone & Telegraph Company only acts through its agents, and if he swore they were agents of the Telephone Co. and with the insignia of the Telephone Co., it is sufficient for people to draw the inference that it was the Telephone Co." The witness further testified that he did not know the name of the man who set the pole; that one of the men who was working with this gang told witness that he worked for the long distance telephone people. Another witness gave testimony of the same general and indefinite character. The witnesses knew nothing about the men who erected or cut down the pole except from the badges and teams used by the men and from conversation with one of the working gang.

Wilbur was not in the employ of the plaintiff when the pole was erected or when it was cut down. (He entered their employ in 1899.) So far as appears there was no business reason for any of the men working on the pole to make statements in regard to their employment to him. The statements, if made, were not made in connection with the business of the employer but appear to have been part of a casual conversation between an unidentified workman and a bystander.

The trial justice ruled that the evidence offered was not competent evidence to establish the agency. We find no error in this respect. The rule is thus stated in *Paulton* v. *Keith,* 23 R. I. at page 165: "It is a general rule that the declarations of a person assuming to act as the agent of another are not admissible to prove his agency. He may be called as a witness to state what orders he has received, and upon that point he would be subject to cross-examination, from which a limitation of his authority might appear. But to allow his statement to others upon a vital point as to which he cannot be cross-examined is, obviously, hearsay testimony and contrary to the well-settled rules of evidence." For the same reason the wearing of a badge and

the inscription thereon, the use of a vehicle with certain signs thereon, are facts not in themselves and without other evidence sufficient to establish agency. At most they can be regarded as representations of agency by implication and are of even less weight than express declarations in regard to agency. Our attention has been called to no authority to support plaintiff's contention. (For a list of authorities *contra* see 31 Cyc. 1652–1655, 1662.)

At the conclusion of defendant's testimony, plaintiff in his rebuttal asked leave to read the deposition of a witness taken by the defendant for, and used by defendant in the trial of the *Carr* case. Plaintiff claimed the right to read the whole deposition. The trial court offered to permit plaintiff to show any testimony in the deposition which was proper in rebuttal but refused to permit the entire deposition to be introduced in testimony. Plaintiff claims the deposition is admissible because the witness is now dead, also because it was a part of the testimony in the trial of the *Carr* case. The copy of the deposition is not in the papers of this case nor does it appear, from any source, what plaintiff expected to prove by said deposition. Defendant was not a party in the *Carr* case and took no part in the trial of that case. The transcript of testimony in the *Carr* case was not in evidence as a part of the record. So far as appears the deposition offered was simply a portion of the evidence used in the former trial. It was not necessary to establish the scope of the judgment in the *Carr* case, and no reason is now given to show why the deposition should have been admitted. There was no error in the action of the trial justice in this respect.

When the testimony both for plaintiff and defendant was closed the defendant moved for a direction of verdict in its favor. The trial justice held that the plaintiff had not (2) shown that the pole, the stump of which was left, was the pole of the defendant. The court then ruled that the defendant was not entitled to the direction of a verdict because, as stated by the court, at some subsequent time plaintiff might prove his case, but over the objection of both

plaintiff and defendant nonsuited the plaintiff. To this ruling both plaintiff and defendant excepted.

Under the practice in this State, after a trial has once begun plaintiff cannot become nonsuit on his own motion and as a matter of right. Gen. Laws, Chap. 291, § 4. At the close of plaintiff's testimony, the defendant may move either for a nonsuit or for the direction of a verdict. If the plaintiff has failed to prove a *prima facie* case, such a case as is sufficient to warrant the court in submitting it to the jury, a nonsuit may be granted on motion made therefor. If it appears from plaintiff's case that plaintiff has not (3) a right to a verdict, in any event, the court, on motion made, may direct a verdict for the defendant. Each of these motions if made at this stage of the trial is addressed to the discretion of the court, and no exception lies to the denial of either. The court is not bound to rule upon the sufficiency of plaintiff's evidence to maintain the action, before the whole testimony is closed on both sides. *Oates* v. *Union R. R. Co.*, 27 R. I. 499; *Payton* v. *Sherburne*, 15 R. I. 213; *Tilden* v. *R. I. Co.*, 27 R. I. 482; *Cavanaugh* v. *Grady*, 24 R. I. 240; *Anderton* v. *Blais*, 28 R. I. 78. In the case at bar the court was not asked to rule on the sufficiency of the evidence until the testimony was closed on both sides. A new and different question was thus raised from the question to be considered on a motion for nonsuit. The defendant, in the presentation of his case, as often happens, may supply certain deficiencies in plaintiff's case. The court is now, on this motion to direct a verdict, bound to consider all of the testimony and not simply plaintiff's testimony. The defendant is entitled to have the cause proceed to a final decision, to have a verdict on the case as submitted by both parties. In *Reddington* v. *Getchell*, 40 R. I. 463, it was held that a verdict should not be directed for defendant if on any reasonable view of the testimony the plaintiff can recover. In *Gilbane* v. *Lent*, 41 R. I. 462, it was held that a trial justice has no authority to direct a verdict in accordance with what appears to him to be the preponderance of the testimony. On the authority of these cases, if there had been any evidence to

support the plaintiff's case, the trial justice had no authority either on motion for nonsuit or for direction of verdict to halt the procedure of the trial and withdraw the case from the jury. The rule is the same when as in the case at bar there is no legal evidence to support plaintiff's case. If there is no legal evidence to support a verdict it is the duty of the court to so instruct the jury and to direct a verdict for defendant. Refusal to do so is error for which exception will lie. The trial court can not at this stage of the proceedings order an involuntary nonsuit, and thereby compel the parties to engage in further litigation. To permit this to be done at the close of the testimony would be to deprive the defendant of a right to have a decision on the merits of the entire case. Plaintiff likewise has the right to go to the jury, if, on consideration of the entire evidence, there is sufficient evidence to warrant submission to a jury.

We think on consideration of the whole testimony that plaintiff failed to establish a right to recovery.

The exceptions of defendant to the refusal to direct a verdict and to the action of the court in granting a nonsuit are sustained.

The exception of the plaintiff to the granting of the nonsuit is overruled as, although the ruling of the court in this respect was erroneous, plaintiff suffered no prejudice thereby. Plaintiff's other exceptions are overruled.

Opportunity will be given the plaintiff to appear on Tuesday, July 6, 1920, at 9 o'clock a. m., Standard time, and show cause why an order should not be made remitting the case to the Superior Court with direction to enter judgment for the defendant.

*Herbert Almy*, for plaintiff.

*Claude R. Branch, Edwards & Angell*, for defendant. *John C. Knowles*, of counsel.