NORA KWASNIEWSKI, *Admr. vs.* N. Y. N. H. & H. R. R. Co.

FEBRUARY 20, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action of trespass on the case to recover damages for the death of plaintiff's intestate due, as she alleges, to the negligence of the defendant.

The accident occurred in the Borough of Wallingford in the State of Connecticut, and therefore the substantive law applicable to the case is the law of that State. *Morrisette* v. *Canadian Pacific Ry. Co.,* 76 Vt. 267.

At the conclusion of the testimony in the Superior Court the trial justice directed a verdict for the defendant. The case is before us on plaintiff's exceptions to the ruling granting defendant's motion for a directed verdict and to certain other rulings made during the course of the trial.

On October 26, 1928, about 2:30 a. m., plaintiff's intestate was driving an automobile of the coupe type in said Borough of Wallingford. He drove out of North Cherry street, turned to his left into Hall avenue and proceeded easterly along said avenue which is crossed at grade by double tracks and a spur track of the defendant. These tracks run in a northerly and southerly direction. Plaintiff's intestate crossed the spur track and the south bound track, and his car was struck as it was about to cross the north bound track by the "Owl Express" north bound on its way to Boston, fifteen minutes late and proceeding at a speed of 60 to 70 miles an hour.

Standard precautionary signs stood at the crossing which was protected, between the hours of 6 a. m. and 12 p. m. on week days and from 8 a. m. to 12 p. m. on Sundays, by a crossing gate which was operated by a gateman. The crossing was further protected by an automatic alarm bell situated on the southeast side of the crossing. As plaintiff's intestate approached said crossing his view was obstructed by a freight house to which was attached a loading platform about four feet in width. It was not until his automobile was partly across the spur track that he could see to the south from which direction the train was approaching the crossing. While his car was on the spur track he had a clear view to the south for about one-quarter of a mile.

The testimony for the plaintiff is to the effect that crossing gates were up, no whistle was blown as required by statute, the bell on the engine was not rung and the automatic warning bell did not sound.

Plaintiff's intestate was familiar with the locality as he had been crossing the tracks at this place two or three times a week for about a year to call on a young woman whom he had been visiting on the night of the fatality.

The only witness to the accident was a friend of the deceased who was waiting for him at the railway station which was situated on the easterly side of the tracks opposite the freight house. He testified that he saw his friend drive out of North Cherry street, turn into Hall avenue, drive along the same and then on to the tracks at a speed of 20 to 25 miles an hour. There was no evidence that plaintiff's intestate looked for an approaching train or took any other precautions for his safety before attempting to cross the tracks.

Defendant offered no testimony, except some photographs, so it must be taken as a fact that the defendant was guilty of negligence.

A verdict was directed on the ground that plaintiff failed to establish due care on the part of her intestate. The plaintiff contends that inasmuch as defendant was guilty of a violation of the statutory provisions as to sounding a whistle and ringing a bell when approaching a crossing, the question of contributory negligence does not enter into the case. If this is the law in Connecticut, no case has been called to our attention where it has been so declared and the statute has been in force a great many years. In *Cottle* v. *N. Y., N. H & H. R. R. Co.*, 82 Conn. 142, the Supreme Court of Errors, speaking through Chief Justice Baldwin, said: "The signals by bell or whistle of the approach of the train required by General Statute, 3787, were not given." That the statute in question is not penal in nature would seem to be definitely established in the above case in which recovery was denied on the ground of contributory negligence. The court in this connection said: "A traveler approaching a crossing so dangerous in character is bound to exercise a care proportionate to the danger. While the intestate had a right to rely to some extent on the fact that no bell was being sounded or whistle blown, this did not excuse him from either looking or listening to ascertain whether a train might not be coming, when he reached a point where the tracks could be seen for a considerable distance." See also

*Gianotta* v. *N. Y., N. H. & H. R. R. Co.*, 98 Conn. 743; *Douglas* v. *N. Y., N. H. & H. R. R. Co.*, 110 Conn. 145; *Hayes* v. *N. Y,. N. H. & H. R. R. Co.*, 91 Conn. 301; *Boscarello* v. *N. Y., N. H. & H. R. R. Co.*, 152 Atl. 61.

From the above cases it seems clear to us that the plaintiff could not maintain her case in Connecticut and consequently she can not maintain it here.

There remains to consider one other exception. After the testimony was closed and after the argument on the motion to direct a verdict, which consumed considerable time, the trial justice indicated that he was about to grant the defendant's motion. for a directed verdict, whereupon the plaintiff asked for permission to reopen the case and recall the sole witness to the accident who had already testified at length in direct and redirect examination. The announced purpose of reopening the case and recalling this witness was to have him testify that plaintiff's intestate slowed down as he approached the crossing. The trial justice denied the motion and we think properly so. Plaintiff's counsel had ample opportunity to question this witness on this point, and its importance as bearing on the question of contributory negligence must have been known to him. Motions to reopen a case after testimony is closed are addressed to the discretion of the court and the court's action on such motions will not be disturbed by this court, except in the case of an abuse of such discretion. We see no abuse in the action of the trial justice in this respect. Plaintiff's other exceptions have been examined and found to be without merit.

All plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict as directed.

*Greenough, Lyman & Cross, George Paul Slade, Charles S. Hamilton, Morris M. Wilder*, of Connecticut Bar, for plaintiff.

*Eugene J. Phillips, Eugene J. McElroy*, for defendant.