IRENE B. ROGERS *vs.* WALTER I. SUNDLUN.

JUNE 6, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of trespass on the case for negligence brought to recover for injuries sustained by the plaintiff when glass from a window fell upon her. At the trial in the Superior Court defendant's motion for a directed verdict was denied and the jury rendered a verdict for plaintiff. The defendant did not file a motion for a new trial but brought the case before this court on his exception to the denial of his motion for a directed verdict.

The accident occurred on Union street, between Westminster and Weybosset streets, in Providence. As plaintiff was walking along the easterly sidewalk, a jagged piece of glass from a window in the fourth story of a building fell and struck her on the right side of her head, causing a serious injury. The extent of the injury and the amount of the verdict are not questioned. The case is brought against the defendant, as assignee of the lessee of the building, on the ground that he had covenanted with the owner to keep the building in good repair and that the plaintiff's injury was due to his failure so to do.

It appears that defendant let to Julius J. Jacoby, Inc., from month to month, two adjoining offices on said fourth floor.

Each office had three windows facing on Union street: a large center window which could be raised or lowered and, on each side thereof, a small window opening inward like a door; over each window was a glass transom. Just before the accident Mrs. Jacoby opened one of the small windows. While she was reaching across a table near the window to obtain a piece of string with which to tie back the window, it closed and the glass therein broke and a piece fell out and struck the plaintiff as she was passing beneath.

Plaintiff introduced evidence to show that during the twenty years of occupancy by said corporation the Jacobys had never seen any repair work done on the window which broke. Mrs. Jacoby testified that she heard no sound of the window closing but only the "shatter of the glass;" that there was no breeze blowing and that the putty in the window had been dry and flaky and in some places had crumbled off. She said that after the crash she saw glass on the floor and also upon the awning above the corresponding third story window.

An examination of the testimony discloses that the negligence alleged against the defendant was not proved. There was no failure on his part to keep this window in repair and in reasonably safe condition, either as to paint, putty or reasonable equipment, for reasonable use by the tenant. The glass in this window did not become "loose and displaced" before the accident and did not fall out, or down in, or away from the sash except as shattered in this accident; it was the centre, not the edges, of the pane which fell out. The fact that Mrs. Jacoby thought it necessary to tie back the window indicates that she anticipated that for some reason it might shut, and her testimony that there was no breeze is opposed to the physical fact that the window did close without human agency and caused the glass to break and injure the plaintiff.

When there is no evidence to support a verdict for the plaintiff, it is the duty of the trial justice to direct a verdict for the defendant. *Sarcione* v. *The Outlet Co.*, 53 R. I. 76.

The exception of the defendant to the refusal to direct a verdict in his favor is sustained. It is therefore unnecessary to consider the other exceptions.

The plaintiff may appear before this court on June 19, 1934, and show cause, if any she has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr.,* for plaintiff.

*Ralph T. Barnefield,* for defendant.