AMANDA M. NOLAN *vs.* HARRY KECHIJIAN.
CHARLES E. NOLAN *vs.* SAME.

MARCH 23, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   These two actions in trespass were brought by a husband and wife respectively against the defendant, a physician and surgeon, for alleged malpractice. The wife's declaration is in two counts, one for assault and battery, and the other for negligence.   In an action of trespass on the case the husband sued for consequential damages.   The cases were tried together before a jury in the superior court and at the conclusion of plaintiff's evidence the trial justice granted defendant's motion for a nonsuit in each case.   The cases are before us on the exception of each plaintiff to such ruling.   Since recovery in the husband's case depends upon defendant's liability to the wife, we shall hereinafter treat her as the sole plaintiff, our decision, however, applying to both cases.

According to the testimony of the plaintiff and her husband, she consulted the defendant in April 1944 for pains in the region of her stomach on the left side under the ribs. At that time he advised her to go to Dr. William J. Butler for an X-ray examination, which she did.   She stated that when she returned to the defendant he left the room to call Dr. Butler, although she was not present at such alleged conversation, and thereafter he told her and her husband that the spleen, which he indicated and described as "attached to the collarbone," was "hanging by a thread," and that such condition required an operation "to build up the ligaments" that held the spleen in place.   Acting upon such representations and the assurance that the operation was not a serious one, she consented to have the doctor operate upon her for the condition that he had described.   The husband thereupon paid him $150 on account of his fee of $250 and shortly thereafter the

operation was performed. The plaintiff subsequently learned that the defendant had removed the spleen.

The husband testified that he talked to the doctor as he was leaving the hospital shortly after the operation; that the defendant was "highly agitated" and on being asked how things had gone he said: "Not as well as I expected * * * Well, we had to remove the spleen"; that he started to walk away but then stopped and asked the witness if he needed any money; that upon receiving a negative answer the defendant said: "You can have your money back if you want it—the deposit that you made." Then the doctor went away. According to the plaintiff and her husband the defendant never sent a bill or made any other demand for the balance of his fee.

Doctor Butler's testimony in substance was that the spleen, which is held in place by three major ligaments, lies within the abdominal cavity in the posterior portion beneath the left diaphragm and a little above the midway of the trunk. In the plaintiff's case he found that the spleen was "ptotic," that is, "fallen" when the patient was in an upright position, and that he noted some adhesions holding it to the stomach. He denied telling the defendant that the spleen was attached to the collarbone, as plaintiff had implied in her testimony, and he further stated that he passed no judgment as to the strength or weakness of the ligaments that held the spleen in place.

Doctor Constant E. Schradieck, retired, the pathologist at the hospital when the operation was performed in 1944, testified by deposition. His testimony was to the effect that on the day following the operation the defendant informed him that in freeing the spleen of adhesions to the stomach "the splenic artery at the hilum was torn and large hemorrhage was encountered which had to be controlled by tying the vessel off. Then it was necessary to remove the spleen." He further testified that except for a "few fibrous adhesions on its inner surface" he found no

evidence of disease in the spleen: "It was an excised spleen, and that's all there was; no more, and no less."

In this case one must bear in mind that we are here dealing solely with the evidence for the plaintiff. All we have before us now is a record truncated by the granting of the defendant's motion for a nonsuit as a result of which there is no evidence by way of explanation or defense. It is well settled that on a motion for a nonsuit the trial justice is bound to view the evidence and the reasonable inferences therefrom most favorably to the plaintiff. The weight of the evidence and the credibility of the witnesses are not open to him in passing on such a motion. Applying such rule to the unusual circumstances presented by the evidence for the plaintiff as it now stands, without denial or explanation by the defendant, it was error to grant the motion for a nonsuit as to both counts of the declaration.

We shall first consider the count in trespass. Generally speaking, unless an immediate operation is urgently and reasonably necessary a surgeon has no right to perform such operation without the patient's consent, express or implied. The extent of the consent ordinarily varies in each case. In consenting to an operation to relieve a given condition an adult patient of sound mind is entitled to rely on the representations of a surgeon and in accordance with such representations to limit his consent to an operation reasonably appropriate to relieve him of his condition. Although a surgeon must necessarily be allowed reasonable latitude in performing the operation within the scope of the patient's consent, we know of no rule or principle of law which extends to him free license to operate at will. In the absence of exceptional circumstances, an operation without consent or in excess of consent, express or reasonably implied, constitutes a technical assault and battery for which he is liable in an action of trespass. See 76 A.L.R. 562, anno.

In the instant case the evidence, when viewed most favorably to the plaintiff and without passing on its weight

or credibility, is open to at least two reasonable inferences adverse to the defendant. First, his alleged representations to the plaintiff respecting her condition may reasonably be construed as having been made in so reckless a manner as to amount almost to misrepresentation; and, secondly, whether in relying on such alleged representations the plaintiff consented only to an operation that "would build up the ligaments" of the spleen together with an implied consent to free it of adhesions to the stomach if it was necessary to attain the object of the operation. There is no evidence thus far to warrant a conclusion of consent to the removal of the spleen, nor is there any evidence that the excision of that organ was pathologically necessary or reasonably incidental to the operation consented to. In such circumstances it is our judgment that the defendant should have been required to go forward with evidence to excuse the trespass.

In considering the question presented under the count in negligence we have in mind that the overwhelming weight of authority is to the effect that, except in rare instances, expert evidence is ordinarily necessary to support an action for negligence against a physician or surgeon where the exercise of proper skill or care is in issue. *Coleman* v. *McCarthy*, 53 R. I. 266; *Bigney* v. *Fisher*, 26 R. I. 402; *Barker* v. *Lane*, 23 R. I. 224. 141 A.L.R. 6, anno. But since we are here concerned solely with the evidence for the plaintiff, the alleged representations by the defendant to the plaintiff before the operation as to the location of the spleen, and his conduct immediately following the operation as testified to by the plaintiff's husband, if believed, give rise to reasonable inferences which in the absence of explanation are consistent with a lack of medical knowledge and proper skill on his part. Furthermore there is also uncontradicted medical evidence from Dr. Schradieck that the spleen, which was removed by the defendant, was not diseased. In view of our decision, we refrain for obvious reasons from further observations in the matter. We are

therefore of the opinion that in the circumstances it was incumbent upon the defendant under the count for negligence to go forward with evidence explaining his conduct at the time of the operation.

The exception of the plaintiff in each case is sustained, and each case is remitted to the superior court for a new trial.

*Fergus J. McOsker,* for plaintiffs.

*Francis V. Reynolds,* for defendant.