June 15, 2023

**Supreme Court**

No. 2022-235-Appeal.
(PC 15-4785)

Brian Dockray                    :

v.                    :

Roger Williams Medical Center.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Brian Dockray                    :

v.                               :

Roger Williams Medical Center.   :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiff, Brian Dockray, appeals

from the Providence County Superior Court's grant of summary judgment in favor

of the defendant, Roger Williams Medical Center (RWMC).[1]  On appeal, he asserts

that the motion justice erred in granting RWMC's motion for summary judgment

on the ground that, without an expert, he could not prove his claims, which

sounded in medical malpractice and negligent credentialing.

This case came before the Supreme Court for oral argument pursuant to an

order directing the parties to show cause why the issues raised in this appeal should

---

[1]     Three additional defendants were named in the amended complaint (which is
the operative complaint)—*viz.*, the Estate of Christopher Huntington, M.D.; Gary
R. Marecek, M.D.; and the Medical Malpractice Joint Underwriting Association of
Rhode Island.  However, the claims against those defendants were subsequently
dismissed with prejudice, and they are not before us on appeal.

not be summarily decided. After considering the written and oral submissions of the parties and after carefully reviewing the record, we are of the opinion that the appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

On December 14, 2015, plaintiff filed an amended complaint (the complaint), advancing claims of medical malpractice and negligent credentialing.[2] The complaint alleged that, on September 5, 2012, Dr. Christopher Huntington[3] performed spinal surgery on plaintiff at RWMC, during which he purportedly "improperly placed hardware in Brian Dockray's spine." The complaint further alleged that Dr. Huntington "was not fit to perform [the] surgery" because there were "prior complaints of Dr. Huntington's pattern of prescribing controlled substances to patients in a manner that did not meet the standards of acceptable practice, which ultimately led to his summary suspension from the practice of medicine on March 8, 2013 * * *." The complaint also alleged that an x-ray was performed, which was later interpreted by Dr. Gary R. Marecek. It further alleged

---

[2]    The plaintiff filed his initial complaint on November 2, 2015. He subsequently filed an amended complaint on December 14, 2015, which we treat as the operative complaint.

[3]    Doctor Huntington had passed away on March 8, 2013.

that "Dr. Marecek was negligent in not detecting that Dr. [Huntington] had negligently installed the hardware." The complaint also alleged that "[b]ecause of the negligent and improper placement of hardware in Plaintiff's spine, he was required to have corrective surgery, and has been left with permanent disabling injuries directly and proximately caused by Dr. Huntington's misplacement of the hardware, and by Dr. Marecek's failure to detect the same."

After a lengthy period of discovery had transpired, a scheduling order entered, requiring that plaintiff make his expert disclosure by January 15, 2022. However, plaintiff failed to comply with that order. Subsequently, on February 17, 2022, an additional scheduling order entered, extending the deadline for expert disclosure to March 15, 2022. Once again, plaintiff failed to make his expert disclosure. On March 21, 2022, RWMC filed a motion to preclude plaintiff from disclosing experts, and that motion was granted on March 25, 2022.

## A

## The Motion for Summary Judgment

On April 12, 2022, RWMC filed a motion for summary judgment as to the two counts that were still being litigated (Counts Two and Three)[4] on the ground that plaintiff could not prove his claims without expert testimony. The plaintiff

---

[4] The counts that were still being litigated were Count Two (alleging that RWMC was responsible for the negligence of Dr. Huntington pursuant to the concept of apparent agency) and Count Three (alleging that RWMC was negligent in credentialing Dr. Huntington).

objected to the motion for summary judgment, contending that the "case presents triable issues of fact from which a lay juror could conclude that [Dr. Huntington] was negligent * * * and also that [RWMC] was negligent in allowing [Dr. Huntington] to operate in its facility * * *."

## B

### Triable Issues of Fact Regarding the Apparent Agency Claim[5]

To support his contention that there are "triable issues of fact from which a lay juror could conclude that [Dr. Huntington] was negligent" (and, therefore, RWMC was liable under an agency theory), plaintiff referred to the March 11, 2021 deposition of Joseph King, M.D., in which, according to plaintiff, the doctor stated that plaintiff "had obviously loose bilateral 1-4 screws that were at a suboptimal trajectory * * *."[6] Notably, however, plaintiff stated that Dr. King

---

[5] The complaint alleged that RWMC was liable to plaintiff on the ground that Dr. Huntington was its agent (or "apparent agent") and that, therefore, RWMC was liable for his alleged negligence.

[6] The plaintiff cited this deposition testimony, but it is not included in the record before this Court. *See Riley v. Stone*, 900 A.2d 1087, 1093-94 (R.I. 2006) ("It is the responsibility of the appellant to furnish this Court with so much of the record, including the transcript, depositions, (if any) and relevant exhibits introduced during the proceeding as will enable the Court to decide the issues raised on appeal. We consistently have declared that an incomplete record on appeal precludes any meaningful review by this Court."); *see also Palange v. Palange*, 243 A.3d 783, 784 (R.I. 2021) (mem.) ("This Court has recognized that the deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business.") (internal quotation marks and brackets omitted).

"could not say whether [the screws] were put in loose or became loose later." The plaintiff further alleged that he "had a cage installed by Dr. Huntington between the L-4 and L-5 vertebral bodies," which "was loose and out of position." He stated that, although Dr. King "did not opine on when the cage became loose," the doctor did indicate that "cages popping out of position are * * * rare."

## C

### Triable Issues of Fact Regarding the "Negligent Credentialing" Claim

In a further attempt to establish that this "case presents triable issues of fact," plaintiff argued that he did not need an expert to prove his "negligent credentialing" claim against RWMC because "[t]he failure of the hospital to maintain records of information about malpractice claims considered in the credentialing process, and failure to keep records of the minutes of meetings of the credentialing committee, combined [with] the disciplinary history of Dr. Huntington and his history of malpractice cases" would be "within the understanding of a lay jury in its consideration of whether the hospital negligently permitted Dr. Huntington to operate at it's [sic] facility."[7]

---

[7] To support his contention, plaintiff attached as an exhibit to his objection to the motion for summary judgment the March 8, 2013 "Summary Suspension" of Dr. Huntington's medical license by the Rhode Island Department of Health Board of Medical Licensure and Discipline, which found, in part, that Dr. Huntington had "a pattern of prescribing controlled substances to patients in a manner that does not meet the standards of acceptable practice." The plaintiff also attached as an exhibit a list of the names of nine medical malpractice actions brought against Dr.

# D

## The Decision of the Motion Justice

On May 12, 2022, the motion justice issued a bench decision granting RWMC's motion for summary judgment. In her decision, the motion justice noted that plaintiff's apparent agency claim against RWMC could not be established without first proving that Dr. Huntington was in fact negligent. Then, in addressing plaintiff's claim of negligence against Dr. Huntington, the motion justice acknowledged that plaintiff had pointed to language in Dr. King's deposition, but she noted that "not once, in those quotes, does the doctor opine that, to a reasonable degree of medical certainty, Dr. Huntington breached the standard of care and that, as a proximate result of that breach, the Plaintiff suffered * * * [what] he describes in injuries and damages."

Next, in determining that an expert witness is necessary for plaintiff to prove his "negligent credentialing" claim against RWMC, the motion justice posed the following questions:

---

Huntington during a period spanning approximately two decades. Additionally, plaintiff attached as an exhibit portions of the April 5, 2021 deposition transcript of the "hospital representative," Kimberly Dixon, in which she attested that she had seen documents indicating: (1) that Dr. Huntington had been disciplined in 2000, 2003, and 2004; (2) that Dr. Huntington had "some suspension because of problems with * * * medical recordkeeping;" (3) that Dr. Huntington had been "discipline[d] for allowing his malpractice insurance to lapse;" and (4) that "during a time period" Dr. Huntington was required "to have a co-assistant go in for certain procedures."

"What is the standard of care regarding credentialing a physician? What is the standard of care when a hospital who has credentialed a physician should suspend those credentials? And, in this case, does an expert have an opinion, to a reasonable degree of certainty, that [Dr.] Huntington should not have been credentialed when [RWMC] gave him privileges or that, prior to the surgery, his privileges should have been suspended[?]"

Ultimately, the motion justice ruled that plaintiff's "claims require expert testimony" because "[t]he allegations are not simple ones the layperson can determine without the assistance of an expert." An order granting RWMC's motion for summary judgment entered on May 17, 2022; and, on that same day, final judgment entered in favor of RWMC. The plaintiff filed a timely notice of appeal the next day.

## II

### Issue on Appeal

On appeal, plaintiff contends that the motion justice erred in granting RWMC's motion for summary judgment on the ground that he could not prove his medical malpractice and negligent credentialing claims without expert testimony. It is his contention that expert testimony is not required because his claims "would be comprehensible to a lay jury."

## III

## Standard of Review

It is well established that "[w]e review Superior Court rulings with respect to summary judgment motions in a *de novo* manner." *Papudesu v. Medical Malpractice Joint Underwriting Association of Rhode Island*, 18 A.3d 495, 497 (R.I. 2011); *see also DiMaggio v. Tucker*, 288 A.3d 981, 985 (R.I. 2023). In doing so, "[w]e apply the same standards used by the motion justice." *DeMaio v. Ciccone*, 59 A.3d 125, 129 (R.I. 2013); *see also DiMaggio*, 288 A.3d at 985. Ultimately, this Court will "review the evidence in a light most favorable to the nonmoving party and will affirm the judgment if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Lynch v. Spirit Rent-A-Car, Inc.*, 965 A.2d 417, 424 (R.I. 2009); *see also DiMaggio*, 288 A.3d at 985. Significantly, however, "we will not hesitate to affirm a grant of summary judgment if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *." *Beauregard v. Gouin*, 66 A.3d 489, 493 (R.I. 2013) (internal quotation marks omitted); *see also Bartlett v. Coppe*, 159 A.3d 1065, 1069 (R.I. 2017).

# IV

## Analysis

### A

### Apparent Agency

The plaintiff first contends that expert testimony is not required to prove his apparent agency claim against RWMC stemming from the alleged negligence of Dr. Huntington because the doctor's "alleged malpractice would be comprehensible to a lay jury." We are unpersuaded.

It is well settled that "[u]nder Rhode Island law, in order for a plaintiff to make out a case of medical malpractice, the plaintiff must provide *expert* testimony * * * to establish deviation from the standard of care when the lack of care is not so evident as to be obvious to a lay person." *Laplante v. Rhode Island Hospital*, 110 A.3d 261, 265 (R.I. 2015) (internal quotation marks omitted). By contrast, expert testimony is not required "where the lack of care is so obvious as to be within the layman's common knowledge." *Marshall v. Tomaselli*, 118 R.I. 190, 196, 372 A.2d 1280, 1283 (1977); *see also Laplante*, 110 A.3d at 265. By way of example, we have recognized that "such a situation might occur if a surgeon were to leave an instrument inside a patient." *Laplante*, 110 A.3d at 265.

The exhibits attached to plaintiff's memorandum in opposition to RWMC's motion for summary judgment reveal the highly technical and complex nature of

his diagnosis and treatment.[8] *See Marshall*, 118 R.I. at 197, 372 A.2d at 1284 ("It is apparent that the treatment of [the] plaintiff's condition is neither sufficiently common nor sufficiently nontechnical that a layman could be expected to appraise it."). It is clear to us that Dr. Huntington's alleged negligence in performing plaintiff's spinal surgery is not "so obvious as to be within the layman's common knowledge." *Id.* at 196, 372 A.2d at 1283.

Consequently, when plaintiff opposed RWMC's motion for summary judgment, it was his burden to provide expert testimony establishing the applicable standard of care for the doctor, deviation from such standard of care, and causation between the doctor's alleged negligence and the injuries in which he allegedly sustained. *See, e.g.*, *Foley v. St. Joseph Health Services of Rhode Island*, 899 A.2d 1271, 1277-78 (R.I. 2006); *see also Boccasile v. Cajun Music Limited*, 694 A.2d 686, 690-91 (R.I. 1997). It is undisputed, however, that plaintiff did not provide expert testimony establishing the standard of care applicable to the doctor. Moreover, he also failed to provide expert testimony evidencing any causal link between Dr. Huntington's alleged breach of the standard of care and plaintiff's alleged injuries. As such, plaintiff is unable to establish that Dr. Huntington was negligent. Accordingly, it follows, as the night the day, that RWMC could not be held liable under an agency theory. As such, we are fully satisfied that the motion

---

[8]     *See* Part I, Section B, *supra*.

justice acted correctly in granting RWMC's motion for summary judgment as to his apparent agency claim.

## B

## Negligent Credentialing[9]

The plaintiff further contends that expert testimony is not required to prove that RWMC was negligent in credentialing Dr. Huntington because the relevant facts may "be readily understood by a lay jury and point to the conclusion" that RWMC was "negligent in allowing" Dr. Huntington to operate.

It is well settled that "[i]n any negligence action, * * * the plaintiff must establish a standard of care and prove, by a preponderance of the evidence, that the defendant deviated from that standard of care." *Riley v. Stone*, 900 A.2d 1087, 1095 (R.I. 2006); *see also Mangiarelli v. Town of Johnston*, 289 A.3d 560, 568 (R.I. 2023). Furthermore, "expert testimony is required to establish any matter that is not obvious to a lay person and thus lies beyond common knowledge." *Mills v. State Sales, Inc.*, 824 A.2d 461, 468 (R.I. 2003); *see also Mangiarelli*, 289 A.3d at 568.

---

[9] The plaintiff's "negligent credentialing" claim is often referred to as a corporate negligence claim. *See Pastore v. Samson*, 900 A.2d 1067, 1082 (R.I. 2006). And we have indicated that "[t]he doctrine of corporate negligence imposes liability upon a hospital that has failed to exercise reasonable care in selecting or renewing the staff privileges of an unfit physician." *Rodrigues v. Miriam Hospital*, 623 A.2d 456, 462 (R.I. 1993).

Notwithstanding what the record reflects relative to Dr. Huntington's shortcomings, we have no hesitation in holding that whether RWMC was negligent in credentialing Dr. Huntington "lies beyond common knowledge." *Mills*, 824 A.2d at 468. As such, the plaintiff's inability to present expert testimony establishing the standard of care applicable to RWMC in credentialing Dr. Huntington, its breach of that standard, and damages proximately caused by said breach is fatal to his negligent credentialing claim against RWMC. Accordingly, since the plaintiff failed to establish triable issues of material fact, we are satisfied that the motion justice did not err in granting summary judgment in favor of RWMC on his negligent credentialing claim.

## V

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to that tribunal.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Brian Dockray v. Roger Williams Medical Center. |
| **Case Number** | No. 2022-235-Appeal.<br>(PC 15-4785) |
| **Date Opinion Filed** | June 15, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice William P. Robinson III |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Netti C. Vogel |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>James T. McCormick, Esq. |
| | For Defendant:<br><br>Erin McKenna, Esq. |