**Supreme Court**

No. 2012-76-Appeal.
(NC 09-444)

Sheila Anolik et al.                    :

v.                    :

Zoning Board of Review of the City of                    :
Newport et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Sheila Anolik et al.          :

v.                            :

Zoning Board of Review of the City of     :
Newport et al.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.** The plaintiffs, Sheila Anolik (individually and in her capacity as general partner of the Anolik Family Limited Partnership), Wendy Anolik, and Jeffrey Anolik appeal from the Superior Court's grant of summary judgment in favor of the defendants, the Zoning Board of Review of the City of Newport (zoning board or board) and the members of that board. The motion justice held that a particular agenda item relating to the board's February 23, 2009 meeting did not constitute a violation of the Rhode Island Open Meetings Act, G.L. 1956 chapter 46 of title 42, as the plaintiffs had contended.

This matter came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a careful review of the record and after consideration of the parties' arguments (both oral and written), we are satisfied that cause has not been shown and that this appeal may be decided at this time. For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

# I

## Facts and Travel

In November of 2008, defendants received a letter from counsel for Congregation Jeshuat Israel requesting an extension of the time in which to substantially complete certain improvements to Congregation Jeshuat Israel's property that had been approved by a previous zoning board decision. That previous decision had expressly contained a condition to the effect that there be substantial completion of the improvements within two years. The request for an extension of time was referenced in one of the items contained in the "AGENDA" that was posted with respect to the board's February 23, 2009 meeting. That agenda item, which is at the heart of this case, read in its entirety as follows:

> "**IV. Communications:**
> Request for Extension from Turner Scott received 11/30/08 Re: Petition of Congregation Jeshuat Israel"[1]

The board voted unanimously at the February 23, 2009 meeting to approve the request for an extension of time. That vote was reflected in a decision of the board, dated March 24, 2009, which required (1) that the "improvements must be started and [be] substantially complete [by] February 23, 2011" and (2) that counsel for Congregation Jeshuat Israel would provide "a written update on the progress of the project on or before February 23, 2010."

On August 21, 2009, plaintiffs filed a single count complaint in the Superior Court alleging that the above-quoted agenda item violated the Rhode Island Open Meetings Act because it was (in plaintiffs' view) a "vague and indefinite" notice to the public and one lacking in specificity. In their prayer for relief, plaintiffs requested injunctive relief and a declaration

---

[1]     We shall hereinafter refer to the language quoted in the text as "the agenda item."

that the two-year extension was null and void; they also requested reasonable attorneys' fees and costs as well as such "other relief deemed just and appropriate by the [c]ourt."

The defendants answered the complaint, denying all material allegations, and no further action was taken with respect to the case until plaintiffs moved for summary judgment in September of 2011. The defendants then proceeded to file a cross-motion for summary judgment, and the parties agreed that there were no issues of material fact in dispute. Accordingly, the sole issue before the motion justice was whether or not the information contained in the published agenda item sufficiently satisfied the requirements of the Open Meetings Act, specifically § 42-46-6(b).[2]

A hearing on the two competing motions for summary judgment was held in the Superior Court on November 7, 2011. In the bench decision that she rendered at the conclusion of that hearing, the motion justice summarized as follows her understanding of the "notice" requirement in the Open Meetings Act:

> "The notice has to fairly inform * * * the public under the totality of the circumstances of the nature of the business to be conducted. That's what the statute requires."

The motion justice then went on to express the view that the agenda item "sufficiently inform[ed] anyone who want[ed] to interpose an objection or intervene in the proceedings or be heard at them, sufficient notice that the matter [was] going to be taken up, and that that person should [have] appear[ed] to assert his or her objections." Accordingly, the motion justice found

---

[2]    General Laws 1956 § 42-46-6(b) provides, in pertinent part, as follows:

> "Public bodies shall give supplemental written public notice of any meeting within a minimum of forty-eight (48) hours before the date. This notice shall include the date the notice was posted, the date, time and place of the meeting, and a statement specifying the nature of the business to be discussed."

"that there [was] sufficient notice under the totality," and she granted summary judgment in favor of defendants.

By an order entered on December 16, 2011, the motion justice granted defendants' motion for summary judgment and denied plaintiffs' motion for summary judgment. Judgment was entered for defendants that same day. The plaintiffs filed a timely notice of appeal.

## II

## Standard of Review

We undertake the review of the grant of summary judgment in a de novo manner. Pichardo v. Stevens, 55 A.3d 762, 765 (R.I. 2012); see also Cullen v. Lincoln Town Council, 960 A.2d 246, 249 (R.I. 2008) (reviewing in a de novo manner the grant of summary judgment in a suit alleging a violation of the Open Meetings Act). In conducting such a review, we apply "the same standards and rules as did the hearing justice." Mutual Development Corp. v. Ward Fisher & Co., LLP, 47 A.3d 319, 323 (R.I. 2012) (internal quotation marks omitted). Pursuant to those standards, we will uphold the entry of summary judgment only "if there are no questions of material fact and the movant is entitled to judgment as a matter of law." Mullowney v. Masopust, 943 A.2d 1029, 1032 (R.I. 2008); see also Tanner v. Town Council of East Greenwich, 880 A.2d 784, 791 (R.I. 2005).

The parties are in agreement (1) that there are no disputed issues of material fact and (2) that the question presented is legal in nature—viz., whether or not the agenda item regarding the extension of time for Congregation Jeshuat Israel's completion of its pre-approved improvements violates § 42-46-6 of the Open Meetings Act.

When, as here, the issue on appeal is one involving statutory interpretation, our review is conducted in a de novo manner. See Mutual Development Corp., 47 A.3d at 323; see also North

End Realty, LLC v. Mattos, 25 A.3d 527, 530 (R.I. 2011). And it is a basic principle that "when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." Olamuyiwa v. Zebra Atlantek, Inc., 45 A.3d 527, 534 (R.I. 2012) (internal quotation marks omitted); see also Generation Realty, LLC v. Catanzaro, 21 A.3d 253, 258–59 (R.I. 2011); Planned Environments Management Corp. v. Robert, 966 A.2d 117, 121 (R.I. 2009). When a municipality's actions are challenged as being violative of the Open Meetings Act, we are presented with "a mixed question of law and fact." See Tanner, 880 A.2d at 791. Although generally a trial justice's findings on a mixed question of law and fact are entitled to deference, when the material facts are undisputed (as is the case here), the nisi prius court's "judgment carries no presumption of correctness." See id. Accordingly, our review of whether or not the above-referenced agenda item for the zoning board's February 23, 2009 meeting violated the Open Meetings Act will be carried out in a de novo manner with respect to the "application of the law to the facts." See id.

**III**

**Analysis**

The General Assembly enacted the Open Meetings Act for the stated purpose of guaranteeing that "public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy." Section 42-46-1. We have previously expressly stated that the provisions of the Open Meetings Act "should be broadly construed and interpreted in the light most favorable to public access to achieve their remedial and protective purpose." Solas v. Emergency Hiring Council of Rhode Island, 774 A.2d 820, 824 (R.I. 2001).

- 5 -

To that end, the Open Meetings Act requires that public bodies[3] give "written notice of their regularly scheduled meetings." Section 42-46-6(a). The Open Meetings Act further provides that such bodies "shall give supplemental written public notice of any meeting within a minimum of forty-eight (48) hours before the date [of the meeting]." Section 42-46-6(b). With respect to that "supplemental written public notice," the statute provides:

> "This notice shall include the date the notice was posted, the date, time and place of the meeting, and <u>a statement specifying the nature of the business to be discussed</u>." <u>Id.</u> (emphasis added).

In the instant case, the parties do not dispute that the date, the time, and the place of the meeting were properly noticed. However, plaintiffs contend that the agenda item at issue[4] did not constitute "a statement specifying the nature of the business to be discussed," as is required by § 42-46-6(b).

We have previously expressed our opinion that, when the General Assembly included in § 42-46-6(b) a requirement that there be "a statement specifying the nature of the business to be discussed," without explicitly indicating what such a statement should include, it "intended to establish a flexible standard aimed at providing fair notice to the public under the circumstances * * *." <u>Tanner</u>, 880 A.2d at 796. Accordingly, while declining to provide "specific guidelines or 'magic words,'" we held in <u>Tanner</u> that § 42-46-6(b) requires the "public body to provide fair notice to the public under the circumstances, or such notice based on the totality of the

---

[3]  It should go without saying that the Zoning Board of Review of the City of Newport is a public body.

[4]  It will be recalled that the agenda item read as follows in its entirety:

> "**IV. Communications:**
> Request for Extension from Turner Scott received 11/30/08 Re: Petition of Congregation Jeshuat Israel."

circumstances as would fairly inform the public of the nature of the business to be discussed or acted upon." Tanner, 880 A.2d at 797.

At oral argument before this Court, the parties agreed that no petition regarding Congregation Jeshuat Israel was pending at the time of the February 23, 2009 meeting—because the petition for a special use permit and a variance had previously been granted by the zoning board and affirmed after review by the Superior Court. However, the February 23, 2009 agenda item was completely silent as to which specific property was at issue; the agenda item provided no information as to a street address, a parcel or lot number, or even an identifying petition or case number.[5]

Additionally, and determinatively, we conclude that designating the agenda item under the rubric of "Communications" does not even remotely indicate that any action will be taken with respect to the agenda item. The relevant definition of "communication" in the American Heritage Dictionary is "Something communicated; message." The American Heritage Dictionary of the English Language 373 (5th ed. 2011). Moreover, the text of the agenda item could quite rationally cause a member of the public to infer simply that the zoning board was informing the citizenry that it had "received" a request from Turner Scott; but the text provides no basis for any further inference as to what might happen with respect to the request that had been "received."

Although the agenda indicated that a roll call and determination of quorum were to occur, implying, as the motion justice noted, that votes might indeed be taken on some matter(s), there is no indication in the agenda item that any action would be taken on Turner Scott's request;

---

[5] By noting certain omissions in the agenda item, we do not mean to indicate that any particular thing must be included in order to render an agenda item compliant with the Open Meetings Act. See Tanner v. Town Council of East Greenwich, 880 A.2d 784, 797 (R.I. 2005).

certainly the word "Communications" conveys no such message. Every other petition referenced in the February 23, 2009 agenda, aside from the "Decisions" listed under "Communications," was listed in a separate category, by name and, notably, including a street address.

In essence, the agenda item simply indicates that a communication had been received from one Turner Scott regarding a petition of Congregation Jeshuat Israel. Moreover, Turner Scott, subsequently identified by the parties as counsel for Congregation Jeshuat Israel, was not identified as such in the notice. The agenda item further fails to provide any information as to exactly what was the reason for the requested extension or what would be its duration. In no way does the agenda item give notice that the request for extension was to extend the temporal parameters then in effect for the purpose of completing or substantially completing the improvements.

Accordingly, we hold that this agenda item "does not reasonably describe the purpose of the meeting or the action proposed to be taken * * *." See Tanner, 880 A.2d at 798. Having considered whether, viewing the totality of the circumstances, the agenda item "fairly inform[ed] the public of the nature of the business to be discussed or acted upon," id. at 797, it is our opinion that the agenda item at issue did not comply with the standards established by the Open Meetings Act.

**IV**

**Conclusion**

For the reasons set forth in this opinion, we vacate the Superior Court's grant of summary judgment in favor of the defendants. We remand for entry of summary judgment in favor of the plaintiffs with instructions that the action taken by the zoning board with respect to the "Request for Extension from Turner Scott" be declared null and void and for such further proceedings not

inconsistent with this opinion as the Superior Court deems appropriate.  The record in this case may be remanded to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      Sheila Anolik et al. v. Zoning Board of Review of the City of Newport et al.

**CASE NO:**      No. 2012-76-Appeal.
(NC 09-444)

**COURT:**      Supreme Court

**DATE OPINION FILED:**  April 2, 2013

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**      Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**   Newport County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Melanie Wilk Thunberg

**ATTORNEYS ON APPEAL:**

For Plaintiffs:  Ronald J. Resmini, Esq.

For Defendants:  Christopher J. Behan, Esq.