**Supreme Court**

No. 2012-257-Appeal.
(PC 06-1114)

Joseph Laplante et al.                    :

v.                    :

Rhode Island Hospital et al.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Joseph Laplante et al. :

v. :

Rhode Island Hospital et al. :

Present:  Suttell, C.J., Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiff, Joseph Laplante,[1] appeals pro se from

the Providence County Superior Court's grant of summary judgment in favor of the defendants,

Rhode Island Hospital, Lifespan, Inc., Frantz J. Gibbs, M.D., and Michael P. Bradley, M.D.[2]

This case came before the Supreme Court pursuant to an order directing the parties to appear and

show cause why the issues raised in this appeal should not be summarily decided.  After a close

review of the record and careful consideration of the parties' arguments, we are satisfied that

cause has not been shown and that this appeal may be decided at this time.  For the reasons set

forth in this opinion, we affirm the judgment of the Superior Court.

---

[1]    The other plaintiff named in the complaint, Suzanne Laplante, is not a party to the instant appeal, as her claims were withdrawn earlier in the litigation.

[2]    We note that there were three other defendants named in Mr. Laplante's initial complaint: Thomas G. Lemke, M.D., Jac D. Scheiner, M.D., and Scott M. Levine, M.D.  Doctor Scheiner was dismissed from the case prior to this appeal, and Drs. Lemke and Levine received judgments in their favor at earlier stages in the litigation.  None of the just-referenced individuals is a party to the instant appeal.  Accordingly, where referenced hereinafter, the term "defendants" embraces only Rhode Island Hospital, Lifespan, Inc., Dr. Gibbs, and Dr. Bradley.

- 1 -

# I

## Facts and Travel

On February 23, 2006, Joseph Laplante filed a pro se complaint in Superior Court against defendants, advancing therein claims of medical malpractice and negligence, inter alia.[3] According to the complaint, the underlying events that gave rise to Mr. Laplante's claims began three years earlier, in February of 2003, when Mr. Laplante was injured in a car accident. He alleged that, following the accident, he was transported from the scene by ambulance to Rhode Island Hospital (the Hospital) and admitted to the trauma unit.

The thrust of Mr. Laplante's allegations concern his stay at the Hospital following the accident. Mr. Laplante alleged that, in February of 2003, while at the Hospital, he was "deprived of many treatments * * * and was discharged early because of lack of insurance." Mr. Laplante further claimed that he was readmitted to the Hospital in March of 2003, only a few weeks after his initial stay, and was thereafter diagnosed with a fractured pelvis. Accordingly, Mr. Laplante asserted that defendants were negligent in light of their purported failure to diagnose his fractured pelvis during his initial stay at the Hospital and that their negligence was the cause of his deficient treatment and premature discharge.

In March of 2006, defendants answered Mr. Laplante's complaint; and, in due course, the parties embarked on a lengthy period of discovery. From the Superior Court record, it is clear that Mr. Laplante, then represented by counsel, failed to comply with several of defendants' discovery requests and subsequently failed to comply with Superior Court orders compelling such compliance. Relevant to this appeal, on at least three occasions, Mr. Laplante failed to

---

[3] Mr. Laplante also brought a claim for intentional infliction of emotional distress, which is not before us at this point in time. Also not before us is the claim of his wife, Suzanne Laplante, for loss of consortium, which was withdrawn by stipulation earlier in the litigation.

specifically identify his expert witness following defendants' request for that information, in spite of numerous scheduling orders from the hearing justice requiring that particular disclosure.[4]

Following the issuance of a third scheduling order by the hearing justice in December of 2010 and Mr. Laplante's subsequent failure to identify his expert witness by the deadline set out therein, defendants moved for a conditional dismissal of Mr. Laplante's claim on the grounds that he had failed to disclose his expert witness in accordance with the above-referenced scheduling order. The hearing justice granted the motion for conditional dismissal and required that Mr. Laplante disclose his expert witness by February 21, 2011 as a precondition to vacating the dismissal order. When Mr. Laplante again failed to make such disclosure, defendants moved for an entry of final judgment.

The defendants allege that, during the subsequent hearing on defendants' motion for entry of final judgment, Mr. Laplante indicated that he planned to pursue his case based upon the theory of res ipsa loquitur. In spite of this contention regarding Mr. Laplante's theory of the case, after hearing arguments from the parties on defendants' motion, the hearing justice issued an order barring Mr. Laplante from "engaging the services of an expert witness or witnesses to offer testimony at trial, whether through deposition or live testimony." The hearing justice added that defendants would be permitted thereafter to file a motion addressing whether Mr. Laplante could proceed on his claims in the absence of testimony from an expert witness.

Shortly thereafter, in March of 2011, defendants filed a motion for summary judgment, advancing precisely the argument referred to by the hearing justice—viz., that Mr. Laplante could not carry his burden of proof without the benefit of expert testimony. Moreover, they

---

[4] For the sake of clarity, we shall refer to the Superior Court justices who presided over the hearings at issue in this opinion simply as "the hearing justice."

alleged that the facts in Mr. Laplante's case would not support the application of the doctrine of res ipsa loquitur.

On May 17, 2011, the hearing justice heard arguments on defendants' motion for summary judgment. First, the hearing justice found that res ipsa loquitur did not apply in the instant case, noting that Mr. Laplante would not be able to make the requisite showings that his injury would normally not occur in the absence of negligence, nor would he be able to show that no outside force caused his fractured pelvis, rather than defendants' alleged negligence. Second, the hearing justice found that, without expert testimony, a jury would be unable to determine whether defendants proximately caused Mr. Laplante's injuries. Accordingly, the hearing justice granted defendants' motion for summary judgment. From that decision, Mr. Laplante timely appealed.

**II**

**Standard of Review**

We have long recognized that "[s]ummary judgment is a drastic remedy, and a motion for summary judgment should be dealt with cautiously." Beauregard v. Gouin, 66 A.3d 489, 493 (R.I. 2013) (internal quotation marks omitted). Ever mindful of the just-quoted principle, we review de novo a hearing justice's decision to grant summary judgment; and, in so doing, we apply "the same standards and rules as did the motion justice." Id.; see also Anolik v. Zoning Board of Review of Newport, 64 A.3d 1171, 1174 (R.I. 2013). Accordingly, this Court has long adhered to the principle that "[w]e will affirm the grant of summary judgment only [i]f we conclude, after viewing the evidence in the light most favorable to the nonmoving party, that there is no genuine issue of material fact to be decided and that the moving party is entitled to

judgment as a matter of law." DeMaio v. Ciccone, 59 A.3d 125, 129 (R.I. 2013) (internal quotation marks omitted).

On the other hand, this Court has also clearly stated that "we will not hesitate to affirm a grant of summary judgment if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case * * * ." Beauregard, 66 A.3d at 493 (emphasis added) (internal quotation marks omitted). Moreover, we have emphasized that "[t]he burden rests upon the nonmoving party to prove the existence of a disputed issue of material fact by competent evidence; it cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." Mutual Development Corp. v. Ward Fisher & Co., LLP, 47 A.3d 319, 323 (R.I. 2012) (emphasis added) (internal quotation marks omitted); see also Classic Entertainment & Sports, Inc. v. Pemberton, 988 A.2d 847, 850 (R.I. 2010).

### III

### Analysis

On appeal, Mr. Laplante argues that the hearing justice in this case: (1) overlooked genuine disputes as to material facts that would preclude summary judgment; (2) failed to apply the doctrine of res ipsa loquitur; and (3) erred in granting summary judgment in light of what Mr. Laplante describes as the egregious conduct of his attorney in the Superior Court.[5] For the reasons we set forth below, we unequivocally reject Mr. Laplante's arguments and affirm the judgment of the Superior Court.

---

[5]     As described supra, Mr. Laplante initially filed his complaint pro se. However, he later retained an attorney to represent him. On appeal, Mr. Laplante is appearing pro se once more.

- 5 -

## A

## The Alleged Issues of Fact

Mr. Laplante first argues that the hearing justice failed to acknowledge several triable issues of material fact that he contends should have precluded summary judgment in defendants' favor. In support of his argument, Mr. Laplante proffers his hospital records, a discharge summary, and his own assertions regarding the conduct of defendants during his treatment; he contends that said exhibits establish the existence of a genuine dispute as to material facts. In addition, he contends that a factfinder would not need an expert to draw conclusions from these exhibits regarding defendants' negligence. However, we reject Mr. Laplante's contentions in light of our well-established precedent.

Under Rhode Island law, in order for a plaintiff to make out a case of medical malpractice, the plaintiff must provide "expert testimony * * * to establish deviation from the standard of care when the lack of care is not so evident as to be obvious to a lay person." Malinou v. Miriam Hospital, 24 A.3d 497, 509 (R.I. 2011) (emphasis added). By contrast, where the lack of care is "so obvious as to be within the layman's common knowledge," expert testimony is unnecessary; for example, such a situation might occur if a surgeon were to leave an instrument inside a patient. Marshall v. Tomaselli, 118 R.I. 190, 196, 372 A.2d 1280, 1283 (1977); see also Foley v. St. Joseph Health Services of Rhode Island, 899 A.2d 1271, 1277 (R.I. 2006) ("[W]e do not believe that the delay was so patently negligent that it alleviated the plaintiff's burden to present expert testimony with respect to a standard of care for radiologists and deviation from that standard by [the defendants].").

In the instant case, Mr. Laplante failed to provide expert testimony establishing the standard of care applicable to defendants, as well as expert testimony establishing any causal link

between defendants' alleged breach of the standard of care and Mr. Laplante's injuries. See Malinou, 24 A.3d at 509 ("Expert testimony * * * is necessary to establish both the applicable standard of care and a breach of that standard by [the] defendants in order to sustain [the] plaintiff's claims."); Boccasile v. Cajun Music Ltd., 694 A.2d 686, 690-91 (R.I. 1997). In addition, this is not the type of case in which defendants' alleged negligence would be obvious to a layperson. The question of whether and how defendants' diagnosis and treatment of Mr. Laplante aggravated his pelvic fracture is one that must be answered with expert testimony. See, e.g., Malinou, 24 A.3d at 509 (holding that "the appropriate treatment of a patient with a documented history of dysphagia [difficulty swallowing], who experienced respiratory failure allegedly caused by aspiration" was not evident to an ordinary person); Foley, 899 A.2d at 1277 (holding that the alleged negligence involved in a "delay of more than five hours from the time [the plaintiff] was admitted to the emergency room until the radiology department reported the results of her CT scan" would not be obvious to an ordinary person); cf. Khan v. Singh, 975 A.2d 389, 395 (N.J. 2009) ("[In] our earlier decision[,] * * * we permitted the inference [of negligence] in a matter in which a surgeon left a sponge inside of a patient.").

In light of the foregoing, we hold that the hearing justice correctly found that Mr. Laplante could not establish any triable issues of material fact without expert testimony; accordingly, the hearing justice did not err in granting the defendants' motion for summary judgment on these grounds.

**B**

**Res Ipsa Loquitur**

Next, Mr. Laplante argues that the hearing justice erred in finding that the doctrine of res ipsa loquitur did not apply in the instant case. We agree with the hearing justice and hold that the doctrine of res ipsa loquitur cannot properly be applied to the facts of this case.

At the outset, it is important to note that the use of the res ipsa loquitur doctrine in medical malpractice cases is disfavored. See Wilkinson v. Vesey, 110 R.I. 606, 630, 295 A.2d 676, 691 (1972) ("As a general rule res ipsa is not applied in medical malpractice actions."). We have described the doctrine as follows: "[R]es ipsa loquitur establishes inferential evidence of a defendant's negligence, thus making out a prima facie case for a plaintiff, and casts upon a defendant the burden of rebutting the same to the satisfaction of the jury." McLaughlin v. Moura, 754 A.2d 95, 98 (R.I. 2000) (internal quotation marks omitted). For a plaintiff to utilize this doctrine, "three conditions must be met: (1) the accident or injury must be of a kind which does not occur in the absence of someone's negligence; (2) such accident or injury must be caused by an agency or instrumentality in the exclusive control of the defendant; and (3) it must not have been caused by any voluntary act or contribution on the part of the plaintiff." Marshall, 118 R.I. at 197-98, 372 A.2d at 1284. With respect to causation (the second condition), we have held that "the causal connection between negligence and a plaintiff's injury must be established by competent evidence and may not be based on conjecture or speculation." McLaughlin, 754 A.2d at 98 (emphasis added) (internal quotation marks omitted).

Such competent evidence is often provided by expert testimony; as we stated in Wilkinson, 110 R.I. at 631, 295 A.2d at 691, "[i]f the determination of negligence does not fall within the ken of the jury's practical common sense, [res ipsa loquitur] can be called upon if

there is expert testimony that the injury complained of would not have occurred had the physician exercised due care."

In the instant case, Mr. Laplante cannot demonstrate a genuine issue of material fact as to the applicability of res ipsa loquitur. First, as discussed in Part III.A, supra, he cannot provide expert testimony as is often required in medical malpractice cases where the doctrine of res ipsa loquitur is applied and the lack of care is not so evident that it would be obvious to lay people. See Foley, 899 A.2d at 1277-78; Wilkinson, 110 R.I. at 630, 295 A.2d at 691 ("Res ipsa may be employed when the alleged neglect relates to conduct which lies within the pale of a layman's common knowledge."); see, e.g., James v. Wormuth, 997 N.E.2d 133, 136 (N.Y. 2013) ("[I]n the context of a medical malpractice case based upon a foreign object, [r]es ipsa loquitur is applicable where * * * [the object] is unintentionally left in a patient following an operative procedure[.]") (emphasis in original) (internal quotation marks omitted); accord Khan, 975 A.2d at 395.

Second, Mr. Laplante has failed to demonstrate a genuine issue of material fact as to the conditions required to invoke res ipsa loquitur. For example, it should be recalled that a plaintiff relying upon the doctrine of res ipsa loquitur must demonstrate that "such accident or injury [was] * * * caused by an agency or instrumentality in the exclusive control of the defendant." Marshall, 118 R.I. at 198, 372 A.2d at 1284 (emphasis added). In the instant case, Mr. Laplante has pointed to no evidence that, during the time period that elapsed between Mr. Laplante's admission to the Hospital in February of 2003 and his diagnosis weeks later in March of 2003, nothing, other than defendants' alleged negligence, caused or aggravated his pelvic fracture. In other words, while Mr. Laplante contends that it was defendants' misdiagnosis and premature discharge that caused or aggravated his fractured pelvis, he has failed to offer any evidence to

exclude the possibility that, in the intervening time between his February and March stays at the Hospital, he or a third party undertook some action that caused or aggravated his pelvic fracture.

The nature of res ipsa loquitur is to permit a plaintiff to demonstrate that "the injury complained of would not have occurred had the physician exercised due care." Wilkinson, 110 R.I. at 631, 295 A.2d at 691. In the instant case, Mr. Laplante cannot make this demonstration without expert testimony and without evidence establishing the requisite conditions in order to utilize the res ipsa loquitur doctrine. Accordingly, we hold that the trial justice did not err in finding res ipsa loquitur inapplicable to Mr. Laplante's claims and granting defendants' motion for summary judgment.

## C

### Attorney Misconduct

Finally, Mr. Laplante argues that the trial justice erred in granting defendants' motion for summary judgment in view of what Mr. Laplante alleges was the egregious conduct of his former attorney.[6] Accordingly, Mr. Laplante argues, it was error for the trial justice to "punish [him] by the most severe sanction of summary judgment" in light of the fact that it was his attorney's conduct that brought about the success of defendants' dispositive motion.

We decline to address Mr. Laplante's arguments in this regard because the issue of his former attorney's conduct was not raised before the hearing justice in the Superior Court. We have long held that "a litigant cannot raise an objection or advance a new theory on appeal if it was not raised before the trial court." State v. Bido, 941 A.2d 822, 829 (R.I. 2008); see also

---

[6] Mr. Laplante alleges that he had "no knowledge" of the filings made in the case by his former attorney. Specifically, Mr. Laplante contends that: (1) he did not know that some defendants were dismissed, and gave no consent to their dismissal by his attorney; (2) his attorney "selectively submitted only certain medical records regarding [Mr. Laplante's] injury;" and (3) his attorney failed to notify Mr. Laplante of any proceedings relevant to the issue of engaging an expert witness for trial.

DeMarco v. Travelers Insurance Co., 26 A.3d 585, 628-29 (R.I. 2011); Classic Entertainment & Sports, Inc., 988 A.2d at 849-50 n.4.

In sum, Mr. Laplante cannot demonstrate any genuine issues of triable fact, he cannot advance his claims on a theory of res ipsa loquitur, and in the instant action he cannot lay blame for his failure to achieve either objective at the feet of his former attorney.

**IV**

**Conclusion**

For the reasons set forth in this opinion, we affirm the Superior Court's grant of summary judgment in favor of the defendants and uphold the entry of final judgment. The record in this case may be remanded to the Superior Court.

Justice Goldberg did not participate.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      Joseph LaPlante et al. v. Rhode Island Hospital et al.

**CASE NO:**      No. 2012-257-Appeal.
(PC 06-1114)

**COURT:**      Supreme Court

**DATE OPINION FILED:**      February 25, 2015

**JUSTICES:**      Suttell, C.J., Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      Associate Justice William P. Robinson III

**SOURCE OF APPEAL:**      Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Sarah Taft-Carter

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Joseph LaPlante, Pro Se

For Defendants:  George E. Wakeman, Jr., Esq.