**Supreme Court**

No. 2016-82-Appeal.
(NC 11-309)

| | |
|---|---|
| Kevin Walsh | : |
| v. | : |
| Lend Lease (US) Construction, a/k/a Bovis Lend Lease, Inc. et al. | : |
| v. | : |
| Rossi Electric Company, Inc. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Kevin Walsh                                    :

v.                                    :

Lend Lease (US) Construction, a/k/a Bovis    :
Lend Lease, Inc. et al.

v.                                    :

Rossi Electric Company, Inc.          :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Robinson, for the Court.**    The third-party plaintiff, Lend Lease (US)

Construction (Lend Lease), appeals from the January 13, 2016 grant of summary judgment to the

third-party defendant, Rossi Electric Company, Inc. (Rossi), in Newport County Superior Court.

It further appeals from the denial of its cross-motion for summary judgment.[1]   Lend Lease

---

[1]     We note that, ordinarily, the denial of a motion for summary judgment is not appealable as a matter of right because it is interlocutory.  See Avilla v. Newport Grand Jai Alai LLC, 935 A.2d 91, 94 n.4 (R.I. 2007).  As such, the appropriate route to be followed by one seeking review of such a denial would be the filing of a petition for certiorari pursuant to Article I, Rule 13 of the Supreme Court Rules of Appellate Procedure.  O'Gara v. Ferrante, 690 A.2d 1354, 1356 (R.I. 1997).  However, "[t]his Court * * * has regularly considered appeals from the denial of a motion for summary judgment when coupled with an appeal or a cross-appeal of the granting of a motion for summary judgment."  Id.; see also Peloquin v. Haven Health Center of Greenville, LLC, 61 A.3d 419, 422 n.1 (R.I. 2013); Avilla, 935 A.2d at 94 n.4.  In such cases, "the appeal is no longer interlocutory because the grant of summary judgment constituted a final and appealable judgment."  Peloquin, 61 A.3d at 422 n.1 (internal quotation marks omitted); see also

- 1 -

contends that the hearing justice erred in granting Rossi's motion for summary judgment and denying its motion for summary judgment because Rossi was required to defend and indemnify Lend Lease under the terms of the contract between the parties. This case came before the Supreme Court for oral argument on January 25, 2017, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After a close review of the record and careful consideration of the parties' arguments (both written and oral), we are satisfied that cause has not been shown and that this appeal may be decided at this time.

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

# I

## Facts and Travel

The following facts are gleaned from the complaint in the instant case and the deposition of plaintiff, Kevin Walsh. In June of 2008, a construction project was ongoing at the Carnegie Abbey Tower in Portsmouth, R.I. Lend Lease was the general contractor on the project, and Rossi was a subcontractor doing electrical work. Mr. Walsh was employed by Comm-Tract Corporation, a subcontractor of Rossi. Mr. Walsh was doing "voice data, cable TV installation" on the project; he was "installing wiring throughout the building." On June 16, 2008, Mr. Walsh was severely injured when he tripped on a can of plumber's glue that was on the stairs between the first floor and the basement. On June 6, 2011, Mr. Walsh filed his complaint setting forth negligence claims against Lend Lease and against a subcontractor of Lend Lease doing plumbing

---

Avilla, 935 A.2d at 94 n.4; O'Gara, 690 A.2d at 1356. In the instant case, the Superior Court's grant of Rossi's motion for summary judgment effectively ended the third-party complaint; final judgment on that complaint was subsequently entered pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. Accordingly, consistent with our precedent, we will consider both Lend Lease's appeal from the grant of Rossi's motion for summary judgment and its appeal from the denial of its motion for summary judgment.

- 2 -

work on the project—Delta Mechanical Contractors. Subsequently, Lend Lease filed the third-party complaint against Rossi with which we are concerned in this appeal.

In the third-party complaint, Lend Lease contended that Rossi was contractually obligated to "defend, indemnify, and hold harmless * * * Lend Lease from and against any claim, cost, expense, or liability, including costs and attorney's fees, attributable to bodily injury caused by, arising out of, resulting from, or occurring in connection with the performance of the work at the 100 Willow Avenue project." Lend Lease additionally alleged that Rossi breached the contract between the parties because, despite the fact that it was obligated to "procure a commercial general liability insurance policy, * * * for its work at the 100 Willow Avenue Project, which policy was to name * * * Lend Lease * * * as [an] additional insured[] under the polic[y]," Rossi "has refused to afford coverage to * * * Lend Lease for Kevin Walsh's claims * * *." On October 20, 2015 and November 10, 2015 respectively, Rossi and Lend Lease each filed motions for summary judgment. A hearing on the motions was held on December 7, 2015.

Subsequently, on January 13, 2016, an order entered granting Rossi's motion for summary judgment and denying Lend Lease's motion for summary judgment. Partial final judgment was entered on February 4, 2016, pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. Lend Lease appealed from the decision of the Superior Court.

**II**

**Standard of Review**

When considering an appeal from cross-motions for summary judgment, we conduct a de novo review. 5750 Post Road Medical Offices, LLC v. East Greenwich Fire District, 138 A.3d 163, 166 (R.I. 2016); see also Rodrigues v. DePasquale Building and Realty Co., 926 A.2d 616,

- 3 -

622 (R.I. 2007). We have consistently stated that "[s]ummary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the [C]ourt determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." 5750 Post Road Medical Offices, LLC, 138 A.3d at 166-67 (internal quotation marks omitted); see also Medical Malpractice Joint Underwriting Association of Rhode Island v. Charlesgate Nursing Center, L.P., 115 A.3d 998, 1002 (R.I. 2015). In conducting our review, "[w]e remain mindful of the fact that [s]ummary judgment is an extreme remedy that should be applied cautiously." Hall v. City of Newport, 138 A.3d 814, 818 (R.I. 2016) (internal quotation marks omitted); see also Estate of Giuliano v. Giuliano, 949 A.2d 386, 390 (R.I. 2008).

## III

## Analysis

On appeal, Lend Lease contends that the hearing justice erred because Rossi must defend and indemnify Lend Lease "to the full extent permitted by Rhode Island law under the plain and unambiguous terms" of the contract between the parties and that, by not doing so, Rossi is in breach of that contract. Lend Lease relies on our decision in Rodrigues v. DePasquale Building and Realty Co., 926 A.2d 616 (R.I. 2007), contending that that decision is analogous to the instant case. It further posits that Mr. Walsh's injuries are covered by the contractual provision at issue because they arose "in the course of his employment," and it avers that Rossi's obligation to indemnify and defend Lend Lease is not dependent on Rossi's negligence having contributed to Mr. Walsh's injury. Lend Lease asks this Court to vacate the judgment of the Superior Court and direct the entry of summary judgment in its favor or, in the alternative, remand the matter for further proceedings in Superior Court.

As we have stated, the "purpose of the summary judgment procedure is issue finding, not issue determination." Estate of Giuliano, 949 A.2d at 391 (internal quotation marks omitted); see also Steinberg v. State, 427 A.2d 338, 340 (R.I. 1981) ("[I]n ruling on a motion for summary judgment, the trial justice must look for factual issues, not determine them."). After a thorough review of the record in the instant case, we have no difficulty in noting the presence of issues of material fact that remain to be determined. Accordingly, in our judgment, this case was not ripe for summary judgment.

We turn our attention, initially, to the contract provision forming the basis of this dispute:

> "To the full extent permitted by law, [Rossi] agrees to defend, indemnify and save harmless [Lend Lease] and Owner, as well as any other parties which [Lend Lease] is required under the Contract Documents to defend, indemnify and hold harmless, and their agents, servants and employees, from and against any claim, cost, expense, or liability (including attorneys' fees, and including costs and attorneys' fees incurred in enforcing this indemnity), attributable to bodily injury, sickness, disease, or death, or to damage to or destruction of property (including loss of use thereof), caused by, arising out of, resulting from, or occurring in connection with the performance of the Work by [Rossi], its subcontractors and suppliers, or their agents, servants, or employees, whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder; provided, however, [Rossi's] duty hereunder shall not arise if such injury, sickness, disease, death, damage, or destruction is caused by the sole negligence of a party indemnified hereunder. [Rossi's] obligation hereunder shall not be limited by the provisions of any worker's compensation or similar act." (Emphasis added.)

Pursuant to our "established contract law principles, when there is an unambiguous contract and no proof of duress or the like, the terms of the contract are to be applied as written." Gorman v. Gorman, 883 A.2d 732, 739 n.11 (R.I. 2005); see also Rivera v. Gagnon, 847 A.2d 280, 284 (R.I. 2004) ("If the contract terms are clear and unambiguous, judicial construction is at an end for the terms will be applied as written."). To determine whether the contract language is unambiguous

the Court will "view the agreement[] in [its] entirety and give the contractual language its plain, ordinary and usual meaning." A.F. Lusi Construction, Inc. v. Peerless Insurance Co., 847 A.2d 254, 258 (R.I. 2004) (internal quotation marks omitted).

The terms of the indemnity provision between Lend Lease and Rossi are clear and unambiguous—Rossi must defend and indemnify Lend Lease from and against any claim for bodily injury occurring in connection with the performance of work on the project by one of Rossi's subcontractors, unless the injury is caused by the sole negligence of Lend Lease. The last clause plainly predicates Rossi's obligations under the contract on a finding that Lend Lease was not the only negligent party.[2] Such a finding is partially fact-based and has yet to be made in the instant case. See Holley v. Argonaut Holdings, Inc., 968 A.2d 271, 274 (R.I. 2009) (stating that, in a negligence case, whether or not there has been a breach of duty, causation, and damages requires factual determinations). Thus, if we apply the contract language as written (there being no allegation of duress or the like in this case), we are led to the ineluctable conclusion that summary judgment in favor of either party at this stage in the litigation would be inappropriate since there are unresolved factual issues in dispute. See Gorman, 883 A.2d at 739. Our holding to that effect is in line with our repeated statement that "issues of negligence are ordinarily not susceptible of summary adjudication." Holley, 968 A.2d at 274 (quoting Gliottone v. Ethier, 870 A.2d 1022, 1028 (R.I. 2005)).

Furthermore, this case is factually distinguishable from the case upon which Lend Lease relies so heavily—Rodrigues, 926 A.2d at 616-25. The Rodrigues case did involve a third-party complaint seeking indemnification; it was filed by DePasquale Building and Realty Company

---

[2]     We are in agreement with Lend Lease that, under the terms of the contract, the fact that, as of this point in time, there has been no allegation of negligence with respect to Rossi does not absolve it of its contractual obligation to indemnify and defend Lend Lease.

(DePasquale), a general contractor, against Spino Brothers, Inc. (Spino), a subcontractor. Id. at 617. The underlying action was a suit brought against DePasquale resulting from the death of Carlos Rodrigues, an employee of Spino. Id. at 617, 620. However, in Rodrigues, the wrongful death action against DePasquale was tried and DePasquale was found to be seventy percent negligent before a trial was conducted on the third-party action for indemnity. Id. at 620-21. Accordingly, when this Court construed the indemnification provision of the contract between DePasquale and Spino, it did so on the basis of a factual finding that DePasquale was seventy percent negligent. Id. at 623-24. Such a crucial factual finding has yet to be made in the instant case.[3]

Accordingly, it is our view that the grant of summary judgment in Rossi's favor was in error, and we vacate that decision. Moreover, a grant of summary judgment in Lend Lease's favor would similarly be inappropriate at this juncture. As such, we decline Lend Lease's invitation to direct the issuance of summary judgment in its favor.

# IV

## Conclusion

For the reasons set forth in this opinion, we vacate the judgment of the Superior Court; and we remand the record to that tribunal for further proceedings in accordance with this opinion.

---

[3] Lend Lease makes a brief additional argument on appeal that Rossi breached the contract between the parties when it "failed to produce a commercial general liability insurance policy naming [Lend Lease] as an additional insured during the relevant timeframe." We note that this argument was included in Lend Lease's motion for summary judgment in Superior Court. However, neither party attached a copy of Rossi's commercial general liability insurance policy to their respective motions for summary judgment. Absent that document and any meaningful discussion of this issue by the trial justice in his ruling on the motions for summary judgment, we are unable to pass judgment on this contention.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Kevin Walsh v. Lend Lease (US) Construction, a/k/a Bovis Lend Lease, Inc. et al. v. Rossi Electric Company, Inc. |
| **Case Number** | SU-16-0082-Appeal.<br>(NC 11-309) |
| **Date Opinion Filed** | March 24, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice William P. Robinson |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Walter R. Stone |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Matthew P. Cardosi, Esq.<br>John A. Donovan, III, Esq.<br><br>For Defendant:<br><br>Joseph A. DiMaio, Esq.<br>Shannon Gilheeney, Esq. |

SU-CMS-02A (revised June 2016)