**Supreme Court**

No. 2016-221-Appeal.
(WC 13-639)

Phil Bartlett et al.                         :

        v.                                   :

Dr. David Coppe.                             :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Phil Bartlett et al.                          :

        v.                                      :

Dr. David Coppe.                          :

Present: Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

**O P I N I O N**

**Justice Robinson, for the Court.**  The plaintiffs, Phil and Natalie Bartlett, appeal pro se

from the Superior Court's grant of summary judgment in favor of the defendant, Dr. David

Coppe, in this medical malpractice action.  This case came before the Supreme Court for oral

argument on April 5, 2017, pursuant to an order directing the parties to appear and show cause

why the issues raised in this appeal should not be summarily decided.  After a close review of the

record and careful consideration of the parties' arguments (both written and oral), we are

satisfied that cause has not been shown and that this appeal may be decided at this time.

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

On September 16, 2014, plaintiffs filed an amended complaint, in which they contended

that Mr. Bartlett had been treated on a weekly basis by defendant for a "cellulitis ulcer" at the

South County Hospital Wound Care Center between February 2, 2012 and June 21, 2012. The amended complaint alleged that defendant breached the standard of care and was "negligent during the period of treatment in failure to apply certain wound evaluation practices to evaluate the lack of progress of ulcer healing commonly used by doctors providing treatment for this type of condition." The amended complaint went on to allege that defendant's "practices" failed to diagnose a "foot bone infection" that developed and that required "right foot bone amputation on July 12, 2012." The plaintiffs further alleged in their amended complaint that the "prolonged period of treatment and necessity of amputation resulted in [Mr. Bartlett's] inability to pursue income production, significant unnecessary medical expenditures and prolonged period of physical inactivity for a seventy five year old with significant physical mobility problems." The amended complaint also included an allegation that, as a result of Dr. Coppe's alleged negligence, Mrs. Bartlett was required to care for her husband's wound after the amputation, drive her husband to doctor's appointments, and take full responsibility for household duties.

During the course of discovery, plaintiffs answered one of defendant's interrogatories stating that they "[did] not plan or expect to use the services of an expert to testify in this complaint." However, after a lengthy discovery period, in a letter to defense counsel dated December 16, 2015, plaintiffs identified a registered nurse, Lisa M. Burke, MSN, RN, CWOCN, as their proposed expert witness. Nurse Burke is identified, in the documents attached to the December 16 letter, as a "Certified Wound, Ostomy and Continence Nurse." On March 25, 2016, defendant filed a motion to preclude plaintiffs from relying upon an expert witness at trial, contending that plaintiffs failed to meet a discovery deadline with respect to the disclosure of their expert witness and further contending that "the expert disclosed by [plaintiffs], Lisa Burke, MSN, RN, CWOCN does not possess the necessary qualifications to render opinions regarding

the applicable standard of care for a physician and surgeon." On April 1, 2016, a justice of the Superior Court heard argument[1] on defendant's motion. Following that hearing, the Court issued an order precluding plaintiffs from relying on Nurse Burke as an expert because she "lacked the necessary qualifications to provide opinions in this case relative to [plaintiffs'] allegations of medical negligence against the Defendant, a physician and surgeon." The order further instructed plaintiffs to "disclose qualified expert(s) * * * on or before May 1, 2016" or be precluded from relying on expert witnesses in the case. The plaintiffs failed to meet that May 1, 2016 deadline. After a scheduling conference on May 6, 2016, the same Superior Court justice issued a "Supplemental Scheduling Order," stating that the Court had "sua sponte reconsidered its prior ruling" with respect to Nurse Burke and had affirmed that ruling. The order further noted that plaintiffs had "indicated that they had not contacted or retained any physician(s) to serve on their behalf as expert(s) in this case and further had no intention to do so[.]" Accordingly, the hearing justice precluded plaintiffs from relying on expert witness testimony in the case.

---

[1] We note that we are unable to relate what occurred at that hearing, or at any other hearing in this case, due to the fact that plaintiffs have not provided this Court with any transcripts. We have previously commented as follows about the failure of a litigant to provide this Court with a transcript of what transpired below:

> "The deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business. Unless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the finding of the trial justice as correct, the appeal must fail." Loppi v. United Investors Life Insurance Co., 126 A.3d 458, 460 (R.I. 2015) (internal quotation marks omitted); see also Bailey v. Saunders, 151 A.3d 764, 764 (R.I. 2017) (mem.).

The defendant then filed a motion for summary judgment based on the principle that expert testimony in a medical malpractice case is required to establish the standard of care, deviation from the standard of care, and proximate cause. On June 20, 2016, plaintiffs filed an objection to the hearing justice's "decision to disqualify Lisa M. Burke as the plaintiff's expert witness." After a hearing on June 24, 2016, defendant's motion for summary judgment was granted, and the hearing justice stated that any other pending motions were "deemed moot." The plaintiffs have appealed from that ruling.

## II

## Issues on Appeal

Our review of plaintiffs' statement and supplemental statement, both of which were filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, discloses that plaintiffs contend on appeal that it was not "fair and just" or "equitable" that they were not given an opportunity to "argue their factual evidence" or "the merits of their Complaint." They also aver that they were "turned into the Defendants in this matter due to the fact that they were prevented from arguing the merits of their case * * *." The plaintiffs further take issue with the fact that, in their words, "at no time during Court hearings, has the Appellee been required by the Court to challenge or dispute the Appellant's alleged factual data supporting [his] alleged negligence * * *." Mr. and Mrs. Bartlett also posit that they intended to move forward with their case, in the absence of expert testimony, "applying the Principle of Common Knowledge in belief that the allegations [they] made * * * were not of a complex nature which could be

understood by the average juror." They further allege that the hearing justice who granted defendant's motion for summary judgment was biased.[2]

## III

### Standard of Review

We conduct a <u>de novo</u> review of the granting of a motion for summary judgment. <u>Rodrigues v. DePasquale Building and Realty Co.</u>, 926 A.2d 616, 622 (R.I. 2007); <u>see also</u> <u>Walsh v. Lend Lease (US) Construction</u>, 155 A.3d 1201, 1204 (R.I. 2017); <u>Lynch v. Spirit Rent-A-Car, Inc.</u>, 965 A.2d 417, 424 (R.I. 2009). It has been our consistent position that "[s]ummary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the [C]ourt determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." <u>Walsh</u>, 155 A.3d at 1204 (internal quotation marks omitted); <u>see also</u> <u>Peloquin v. Haven Health Center of Greenville, LLC</u>, 61 A.3d 419, 424-25 (R.I. 2013); <u>Sola v. Leighton</u>, 45 A.3d 502, 506 (R.I. 2012).

In opposing a motion for summary judgment, "the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." <u>Bellevue–Ochre Point Neighborhood Association v. Preservation Society of Newport County</u>, 151 A.3d 1223, 1229 (R.I. 2017) (internal quotation marks omitted); <u>see also</u> <u>Great American E</u>

---

[2] In their Rule 12A statement and supplemental statement, plaintiffs reference a motion for summary judgment which they claim they filed on May 18, 2016; they also state that that motion was scheduled to be heard on August 22, 2016. The plaintiffs contend that the hearing justice "str[uck] this document" and did not give them the opportunity to "discuss the data included in this motion." The record does not reflect that any such motion was ever filed by plaintiffs.

& S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc., 45 A.3d 571, 574 (R.I. 2012). Furthermore, we "will not hesitate to affirm a grant of summary judgment if the nonmoving party fails to make a showing sufficient to establish the existence of an element <u>essential</u> to that party's case * * *." <u>Laplante v. Rhode Island Hospital</u>, 110 A.3d 261, 264 (R.I. 2015) (emphasis in original) (internal quotation marks omitted).

# IV

## Analysis

We note initially that, on appeal, plaintiffs did not raise an objection to the hearing justice's order precluding them from relying on Nurse Burke as an expert witness.[3] Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure states that "[e]rrors not claimed, questions not raised and points not made ordinarily will be treated as waived and not be considered by the Court." <u>See</u> <u>McGarry v. Pielech</u>, 108 A.3d 998, 1004-05 (R.I. 2015). Moreover, we have stated that "[e]ven when a party has properly preserved its alleged error of law in the lower court, a failure to raise and develop it in its briefs constitutes a waiver of that issue on appeal and in proceedings on remand." <u>Id.</u> at 1005. Accordingly, any challenge to the hearing justice's ruling which precluded plaintiffs' proposed expert witness—Nurse Burke—from testifying has been waived and will not be considered by this Court.

With respect to plaintiffs' vigorously asserted contention on appeal that they were not permitted to argue the facts of their case and that the grant of defendant's motion for summary

---

[3] That argument is not included in the Bartletts' Rule 12A statement or in their supplemental statement. Additionally, it was conceded by Mr. Bartlett in the course of his <u>pro se</u> presentation at oral argument that, on appeal, plaintiffs were not contesting the hearing justice's decision to preclude Nurse Burke's testimony.

judgment was in error, we refer to our ample precedent clearly reiterating that an expert witness is required in a medical malpractice action. It has been our consistent holding that "[t]o recover against a physician for medical malpractice, a plaintiff must demonstrate negligence on the part of the physician * * * [by establishing] 'a standard of care and prov[ing], by a preponderance of the evidence, that the defendant deviated from that standard of care.'" Mandros v. Prescod, 948 A.2d 304, 310 (R.I. 2008) (quoting Riley v. Stone, 900 A.2d 1087, 1095 (R.I. 2006)); see also Malinou v. Miriam Hospital, 24 A.3d 497, 509 (R.I. 2011). We have further stated that "[t]ime and time again, we have required expert testimony * * * to establish deviation from the standard of care when the lack of care is not so evident as to be obvious to a lay person." Malinou, 24 A.3d at 509 (quoting Foley v. St. Joseph Health Services of Rhode Island, 899 A.2d 1271, 1277 (R.I. 2006)); see also Laplante, 110 A.3d at 265; Riley, 900 A.2d at 1095. The expert witness is needed to "measure the care that was administered against the degree of care and skill ordinarily employed in like cases by physicians in good standing engaged in the same type of practice in similar localities." Malinou, 24 A.3d at 509 (internal quotation marks omitted). As such, the just-cited cases have made it amply clear that, for a plaintiff to prevail in a medical malpractice action, an expert witness is essential, unless the deviation from the standard of care would be clear to a layperson.

In the instant case, plaintiffs indicated they had no intention of retaining another expert witness, and the hearing justice thereafter precluded them from relying on any expert witnesses in the case. Additionally, we do not agree with plaintiffs' contention that the allegations of malpractice which they made vis-à-vis Dr. Coppe "were not of a complex nature which could be understood by the average juror." By way of example, we have stated that such a non-complex or obvious situation "might occur if a surgeon were to leave an instrument inside a patient."

Laplante, 110 A.3d at 265. The instant case involves a drastically different situation. Here, plaintiffs allege that defendant breached the standard of care for treatment of a "cellulitis ulcer" on Mr. Bartlett's foot. This is certainly not the type of case in which defendant's negligence would be obvious to a layperson. Thus, plaintiffs' claims could only have been established by expert testimony; given the fact that plaintiffs were precluded from relying on expert testimony, they were not able to establish an essential element of their case. See id. at 264. As such, no material facts remained in dispute, and defendant was entitled to judgment as a matter of law. See Walsh, 155 A.3d at 1204.

Finally, plaintiffs have raised the issue of what they contend was bias on the part of the hearing justice. However, plaintiffs did not move for the hearing justice's recusal in Superior Court. See Huntley v. State, 109 A.3d 869, 874 (R.I. 2015) ("Since the appellants neither moved for recusal nor raised the alleged issue of bias on the record, we deem that argument to have been waived."). Moreover, our consideration of the alleged bias of the hearing justice and whether or not that issue was raised on the record is certainly hampered by the fact that plaintiffs chose not to submit any transcripts to this Court on appeal. As such, their appeal on this ground is unavailing. See Loppi v. United Investors Life Insurance Co., 126 A.3d 458, 460 (R.I. 2015). That being said, after our in-depth review of the record before us, we are unable to perceive any evidence that the hearing justice was biased against plaintiffs or that she acted in any way that would be incompatible with the interests of justice.

Accordingly, there being no reversible error by the hearing justice evident in any of the areas preserved on appeal in the instant case, we affirm her grant of the defendant's motion for summary judgment.

## V

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. We remand the record to that tribunal.


Justice Indeglia did not participate.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Phil Bartlett et al. v. Dr. David Coppe. |
| **Case Number** | No. 2016-221-Appeal.<br>(WC 13-639) |
| **Date Opinion Filed** | May 16, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Associate Justice William P. Robinson |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Netti C. Vogel |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Phil B. Bartlett, Pro Se<br>Natalie Bartlett, Pro Se<br><br>For Defendant:<br><br>Andrea L. Merolla-Simister, Esq.<br>Michael G. Sarli, Esq. |