**Supreme Court**

No. 2013-273-Appeal.
(KC 11-718)

John Wells                          :

            v.                      :

R. Suzanne Smith et al.             :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

John Wells                              :

         v.                             :

R. Suzanne Smith et al.                 :

Present:  Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  This case arises out of claims of negligence brought by the plaintiff, John Wells (plaintiff), alleging that R. Suzanne Smith (Smith) and Michael Ead (Ead) (collectively, defendants), negligently caused the plaintiff's injuries.  The Supreme Court heard oral argument on October 30, 2014, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided.  Following the grant of summary judgment by a justice of the Superior Court, the plaintiff timely appealed.  After hearing the arguments of counsel and having reviewed the memoranda of the parties, we are satisfied that cause has not been shown, and we proceed to decide this appeal.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**Facts and Travel**

In 2007, defendant Smith hired defendant Ead, a contractor, to construct an addition onto her home.  During construction, the Department of Environmental Management (DEM) notified Smith that the construction was in violation of the local zoning ordinance and, further, that the addition must be removed.  Shortly after receiving notification from DEM that removal was

- 1 -

necessary, Smith instructed Ead to cease construction. She also decided to sell the property. Raymond Wells (Raymond[1]) and his wife offered to purchase the property, agreeing to remove the addition in connection with the purchase. Raymond enlisted plaintiff, his brother, to help with the demolition. While working at the site, plaintiff fell from the roof and sustained injuries.[2] On June 13, 2011, plaintiff filed suit against defendants alleging negligence, premises liability, negligent hiring, strict liability, res ipsa loquitur, and negligent design, construction, and inspection for his resulting injuries.

On March 5, 2013, Smith filed a motion for summary judgment, contending that, as the owner, she was not liable for any potential negligence of Ead, an independent contractor and that none of the exceptions to the "independent contractor rule" applied in this case. Specifically, Smith argued "that one who employs an independent contractor is not liable for the negligent acts of the independent contractor." Smith also asserted that she had no duty to maintain or repair the addition and that she was not aware of any defect in its construction. Further, she argued that there was no evidence of an abnormally dangerous condition. Lastly, she averred that plaintiff's res ipsa loquitur argument was without merit. Ead joined in Smith's motion for summary judgment, arguing that plaintiff assumed the risk of his injuries when he elected to

---

[1] For ease of reference, first names may be used throughout this opinion. No disrespect is intended.

[2] In plaintiff's complaint, he alleges injuries to his "back, right shoulder, ribs, and various other parts of his body." The plaintiff also alleges he "has suffered and will continue to suffer pain and mental anguish."

climb on the roof and demolish the addition and that a contractor is not liable to third parties for negligence after the contractor's work is accepted.[3]

The plaintiff filed an objection to defendants' motion for summary judgment; and, on June 10, 2013, a hearing on the motion was held in Superior Court. The plaintiff conceded that he did not have any facts to rebut the version of the facts set forth by defendants. However, plaintiff argued that count two—the negligent-hiring count—was still viable against Smith, because Smith knew that Ead was not an experienced contractor, that she observed Ead construct the roof, and that she "knew or should have known that * * * Ead was unqualified to put up the addition." According to plaintiff, because Smith had hired Ead, she was liable to third parties injured by his negligence. The plaintiff also contended that count seven—the negligent design, construction, and inspection count—was still viable against Ead.

The trial justice granted defendants' motion for summary judgment as to all counts in the complaint. The trial justice noted that plaintiff had conceded all counts except for count two, the negligent-hiring claim, and seven, the negligent design, construction, and inspection claim. The trial justice held, as a matter of law, that Smith could not be found negligent in hiring Ead, because she did not owe a legal duty of care to plaintiff. The trial justice also ruled that Ead owed no duty of care to plaintiff because he "couldn't have known or anticipated that the roof was to be dismantled and that he had to make the addition safe for dismantling." The plaintiff's appeal to this Court relates to the judgment entered on those counts.

---

[3] When Ead joined Smith's summary judgment motion, he also filed a limited objection. However, as the limited objection is immaterial to our analysis and decision, we will not address it.

**Standard of Review**

"This Court reviews a trial justice's grant of a motion for summary judgment by undertaking a de novo review." Phelps v. Hebert, 93 A.3d 942, 946 (R.I. 2014) (citing Willis v. Omar, 954 A.2d 126, 129 (R.I. 2008)). Accordingly, we "review[] the evidence in the light most favorable to, and draw[] all reasonable inferences in favor of, the nonmoving party." Id. (citing Martin v. Marciano, 871 A.2d 911, 914-15 (R.I. 2005)). This Court "affirm[s] a grant of summary judgment only when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law.'" Id. (quoting Martin, 871 A.2d at 915).

**Discussion**

**Negligent Hiring**

Before this Court, plaintiff argues that the trial justice erred in granting defendants' motion for summary judgment as to count two—negligent hiring—against Smith. The plaintiff contends that, as Rhode Island recognizes direct liability of an employer to third parties injured by acts of unfit or incompetent employees, Smith is liable for not knowing about or inquiring into Ead's knowledge, qualifications, or ability. The plaintiff further argues that a genuine issue of material fact exists as to whether Ead was an employee or independent contractor. After carefully reviewing the record, we reject this argument.

"To properly set forth 'a claim for negligence, a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage.'" Brown v. Stanley, 84 A.3d 1157, 1161-62 (R.I. 2014) (quoting Willis, 954 A.2d at 129). "It is axiomatic, however,

that '[a] defendant cannot be liable under a negligence theory unless the defendant owes a duty to the plaintiff.'" Id. at 1162 (quoting Ferreira v. Strack, 636 A.2d 682, 685 (R.I. 1994)).

"Whether a defendant is under a legal duty in a given case is a question of law." Willis, 954 A.2d at 129 (citing Martin, 871 A.2d at 915). However, "[b]ecause there is no set formula for finding [a] legal duty, such a determination must be made on a case-by-case basis." Id. at 130 (citing Martin, 871 A.2d at 915). Accordingly, we conduct this analysis by examining "all relevant factors, including the relationship of the parties, the scope and burden of the obligation to be imposed upon the defendant, public policy considerations, and notions of fairness." Gushlaw v. Milner, 42 A.3d 1245, 1252 (R.I. 2012) (quoting Volpe v. Gallagher, 821 A.2d 699, 705 (R.I. 2003)). If the court determines that no duty exists, "then the trier of fact has nothing to consider and a motion for summary judgment must be granted." Soave v. National Velour Corp., 863 A.2d 186, 188 (R.I. 2004) (quoting Ferreira, 636 A.2d at 685).

In granting summary judgment, the trial justice reasoned that Smith "could not have known [and] would not have * * * predict[ed] that the city [and DEM] would have required her to take down the structure that * * * Ead had created * * *." Accordingly, the trial justice determined that Smith, a landowner, did not owe a legal duty to plaintiff, a subsequent demolition contractor.

We agree with the trial justice and hold that Smith had no duty to ensure that what Ead built would be safe for a demolition which was not anticipated at the time of hiring and construction.[4] Therefore, "as it is well settled that in the absence of a legal duty, * * * plaintiff's

---

[4] Although plaintiff's argument that Smith was Ead's employer and was negligent in hiring him is an issue in this case, we are of the opinion that the issue of whether a duty was owed to plaintiff is determinative and we need not address the issue of Ead's relationship with Smith.

claims must fail as a matter of law[,]" summary judgment was properly granted as to count two. See <u>Brown</u>, 84 A.3d at 1164.

### Negligent Design, Construction, and Inspection

The plaintiff also assigns error to the grant of summary judgment as to count seven—negligent design, construction, and inspection—against Ead. The plaintiff asserts that defendant Ead owed plaintiff a legal duty, citing <u>Soave</u>, for the proposition that "a builder or contractor is liable for injury or damage to a third person as a result of the condition of the work, even after completion of the work and acceptance by the owner, where it [is] reasonably foreseeable that a third party would be injured by such work due to the contractor's negligence * * *." <u>Soave</u>, 863 A.2d at 189 (quoting <u>Peters v. Forster</u>, 804 N.E.2d 736, 742 (Ind. 2004)). In support of plaintiff's contention that Ead had a duty of care to him, plaintiff argues: (1) that as a contractor, Ead knew or should have known that proceeding without a building permit would result in an order to dismantle the structure; and (2) that he was "within a class of foreseeable plaintiffs who would be on Smith's roof" and therefore it was foreseeable that injury could result from Ead's negligence. The issue before us is whether the trial justice erred in finding, as a matter of law, that Ead did not owe a legal duty to plaintiff. See <u>Brown</u>, 84 A.3d at 1162.

After careful review of the record, we agree with the trial justice that Ead did not have a legal duty to make the roof safe for dismantling. The record discloses that Ead had been forced to stop construction, based on factors beyond his control, including zoning and DEM regulations. Over a year later, when the plaintiff was dismantling the roof, Ead had no control over the structure and no ability to control the work or maintain the site. Thus, the trial justice properly granted the defendants' motion for summary judgment as to count seven. We affirm.

- 6 -

**Conclusion**

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court granting the defendants' motion for summary judgment. The record shall be remanded to the Superior Court.

Justice Flaherty did not participate.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

---

**TITLE OF CASE:**    John Wells v. R. Suzanne Smith et al.

**CASE NO:**    No. 2013-273-Appeal.
(KC 11-718)

**COURT:**    Supreme Court

**DATE OPINION FILED:**  November 24, 2014

**JUSTICES:**    Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**    Kent County Superior Court

**JUDGE FROM LOWER COURT**:

    Associate Justice Allen P. Rubine

**ATTORNEYS ON APPEAL:**

    For Plaintiff:  Russell Bramley, Esq.

    For Defendants:  Elizabeth A. Bourke, Esq.
                     Donna M. Lamontagne, Esq.