June 3, 2026

**Supreme Court**

No. 2025-55-Appeal.
(NC 21-45)

David Hurd, Trustee of the Amended   :
and Restated David C. Hurd Trust Dated
February 3, 1999

v.              :

H & H Real Estate, LLC, d/b/a Hogan   :
Associates, et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

David Hurd, Trustee of the Amended   :
and Restated David C. Hurd Trust Dated
February 3, 1999

                v.                  :

H & H Real Estate, LLC, d/b/a Hogan   :
          Associates, et al.

Present: Suttell, C.J., Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** The plaintiff, David Hurd, Trustee of the Amended and Restated David C. Hurd Trust Dated February 3, 1999, appeals from a Superior Court judgment entered in favor of the defendants, H & H Real Estate, LLC, d/b/a Hogan Associates (Hogan Associates), and Kevan Campbell (collectively, defendants), following the grant of the defendants' motion for summary judgment. On appeal, the plaintiff argues that the hearing justice erred in ruling that he was required to present expert testimony to prove that the defendants owed him a cognizable duty of care. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has

- 1 -

not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## I

## Facts and Travel

The plaintiff was the owner of "a water front condominium" at 3 Kirwin's Lane in Newport, Rhode Island (the property). Campbell was acting as an agent of Hogan Associates at all times relevant to the facts of this case. Although the exact date is not clear from the record, at some point in time, plaintiff and defendants entered into a contract for defendants "to produce a suitable candidate as a tenant for the [property]."

The defendants produced a prospective tenant, Cynthia Dziurgot. Based upon defendants' presentation of Dziurgot, plaintiff entered into a lease agreement for her to possess the property from November 1, 2019, until April 30, 2020. In his papers submitted to this Court, plaintiff represents:

> "Ms. Dziurgot paid the monthly rent due under the lease March of 2020, but then failed to pay for the month of April or vacate the unit when the lease was set to expire at the end of that month. As a result of the COVID-19 eviction moratorium, [plaintiff] was unable to evict Ms. Dziurgot until October 2020, when he was awarded judgment for possession of his condominium, $30,500 for back rent, and $145.75 in costs."

- 2 -

The plaintiff claims that defendants were obligated to perform a background check on their candidates for the property, but they failed to do so adequately. Although he concedes that defendants did perform a credit and criminal background check, plaintiff argues this was insufficient and that defendants should have also conducted "a basic internet search" of Dziurgot.

The plaintiff submits that had defendants performed "[a] simple internet search" on Dziurgot, who is a former attorney, prior to presenting her as a suitable candidate, it would have revealed that, among other things, she

> "(i) misappropriated client funds on four separate occasions; (ii) was found guilty of contempt twice for failure to comply with court order[s] and sentenced to ninety days in jail by the Worcester Probate Court; (iii) knowingly testified falsely and submitted false documents numerous times before the Worcester Probate and Family Court; and (iv) was found by the Massachusetts Supreme Judicial Court to have given false and misleading testimony."

The plaintiff further alleges in his complaint that such an internet search would have disclosed that Dziurgot had previously filed for personal bankruptcy more than once and each claim was dismissed because it was "frivolous and [was] for no substantial purpose other than to delay or burden third persons." What is more, plaintiff avers, an internet search would have revealed that a federal judge found her to be not "forthwith [*sic*] in her pleadings" and that she had warrants out for her arrest, and was arrested, in 2009.

On February 7, 2021, plaintiff filed a four-count complaint against defendants. Counts one and two alleged that defendants breached their contract with plaintiff by producing an unsuitable candidate, and counts three and four alleged that defendants were negligent by breaching their duty to find a suitable candidate. The plaintiff claims that he suffered more than $70,000 in damages as a result. The defendants timely answered the complaint on February 11, 2021, and filed an amended answer on June 7, 2021. In their amended answer, defendants denied the allegations against them.

While discovery was ongoing, plaintiff disclosed to defendants that he anticipated calling an expert witness, a licensed real estate professional[1] in Rhode Island, to testify

> "that in exercising its legal duties and obligations, a real estate broker or landlord will conduct an internet search of a potential tenant prior to submitting that potential tenant to their client in order to determine if there is any information or potential issues a tenant [*sic*] can consider when evaluating a potential tenant."

However, after several scheduled depositions of the expert witness were canceled, and plaintiff allegedly failed to provide a date to reschedule the deposition for a final time, defendants moved to strike the expert witness disclosure on November 21, 2023. The parties then entered into a consent order, in which the motion to strike

---

[1] We use the term "real estate professionals" throughout this opinion to describe both real estate brokers and salespersons.

was converted to a motion for conditional order of dismissal. This consent order provided plaintiff with thirty days from January 2, 2024, to produce his expert witness for a deposition; otherwise, final judgment could enter upon further motion and hearing before the Superior Court. The plaintiff subsequently failed to produce his expert witness within the time provided, and defendants moved for entry of final judgment on February 8, 2024. On April 11, 2024, that motion was denied by the hearing justice; however, plaintiff was precluded from proffering any expert testimony in the case "at any time and for any purpose, up through and including at the time of trial."

On May 13, 2024, defendants moved for summary judgment with an accompanying memorandum, in which defendants recited caselaw declaring the necessity of expert testimony in establishing the standard of care owed in professional contexts and suggesting that "the standard of care in the real estate industry as it relates to the services performed by the defendants and the plaintiff's allegations against them are all matters well outside the bounds of common knowledge." Therefore, because plaintiff was precluded from offering any expert testimony detailing the standard of care in the real estate industry, defendants averred that his claims must fail as a matter of law. The plaintiff objected to the motion on July 25, 2024, arguing that an "expert is not necessary to determine if [d]efendants satisfied their duty of care" because this case fell into a "common

knowledge" exception to the requirement that an expert witness establish the applicable standard of care in a professional context. Thus, plaintiff submitted that there was a dispute of material fact as to whether the standard of care was breached.

A hearing on the motion was held on October 8, 2024. At the hearing, defendants argued once more that plaintiff was required to present an expert to establish that the alleged failure to perform an internet search of Dziurgot constituted a breach of the applicable standard of care for real estate professionals. The plaintiff argued that, although generally "an expert is necessary to establish matters that aren't obvious to a layperson * * * there are cases that indicate that an expert is not necessary if the standard of care would be obvious to a layperson * * *." The hearing justice agreed that expert testimony is not always necessary to establish a standard of care, but he was not sure that was applicable to the instant matter. Counsel for plaintiff replied, "I think whether or not a real estate broker getting a tenant should do some sort of search that includes an internet search is the standard that * * * a jury could decide, is this enough, should this have been done as a minimum?"

Ultimately, the hearing justice determined that, even though it might not be unreasonable for a real estate professional to perform an internet search, the court was "not competent to say what the standard of care is for a real estate agent" in instructing a jury absent expert testimony. Because plaintiff could not meet his

burden due to being precluded from presenting such testimony, the hearing justice granted the motion for summary judgment.

Judgment entered in favor of defendants on October 24, 2024. The plaintiff timely filed a notice of appeal on November 12, 2024.

## II

## Standard of Review

"This Court reviews *de novo* a hearing justice's decision granting summary judgment." *Wilson v. City of Providence by and through Lombardi*, 338 A.3d 282, 287 (R.I. 2025) (quoting *Bronhard v. Thayer Street District Management Authority*, 326 A.3d 178, 183 (R.I. 2024)). "We will affirm a trial court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Bayview Loan Servicing, LLC v. Providence Business Loan Fund, Inc.*, 200 A.3d 153, 156 (R.I. 2019) (brackets omitted) (quoting *Cancel v. City of Providence*, 187 A.3d 347, 350 (R.I. 2018)).

## III

## Discussion

"To properly set forth a claim for negligence, a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss

or damage." *Wells v. Smith*, 102 A.3d 650, 653 (R.I. 2014) (quoting *Brown v. Stanley*, 84 A.3d 1157, 1161-62 (R.I. 2014)). "It is axiomatic, however, that a defendant cannot be liable under a negligence theory unless the defendant owes a duty to the plaintiff." *Id.* (brackets omitted) (quoting *Brown*, 84 A.3d at 1162). "Whether a defendant is under a legal duty in a given case is a question of law." *Roman v. City of Providence*, 333 A.3d 74, 82 (R.I. 2025) (quoting *Wells*, 102 A.3d at 653). "If the court determines that no duty exists, then the trier of fact has nothing to consider and a motion for summary judgment must be granted." *Id.* (quoting *Wells*, 102 A.3d at 653).

The instant appeal presents one dispositive question: is expert testimony necessary to establish that real estate professionals have a duty to perform an internet search of prospective tenants before presenting such tenants to their client? We answer that inquiry in the affirmative because the day-to-day duties of real estate professionals are beyond the common knowledge of laypeople.

As plaintiff and defendants each point out, in Rhode Island, "expert testimony is required to establish any matter that is not obvious to a lay person and thus lies beyond the common knowledge."[2] *Donnelly Real Estate, LLC v. John Crane Inc.*,

---

[2] This principle of law extends beyond establishing a standard of care: "In cases * * * with issues which required particularized knowledge * * * we have over the years determined that one or more of the issues of standard of care, breach of the standard of care, and proximate causation were beyond the common knowledge of

291 A.3d 987, 994 (R.I. 2023) (deletion omitted) (quoting *Jessup & Conroy, P.C. v. Seguin*, 46 A.3d 835, 839 (R.I. 2012)).  Rhode Island is not alone in requiring such testimony.  For example, American Jurisprudence provides:

> "Expert testimony in a negligence case is required to establish the specific standard of care for professionals and to assist in the determination of a professional's conformity to the relevant standard where the subject presented is so distinctly related to some profession as to be beyond the ken of the average layperson." 57A Am. Jur. 2d *Negligence* § 175 at 257 (2022) (footnotes omitted).

Additionally, "the standard of care applicable in the law of professional negligence is that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances." *Id.* § 173 at 254; *see also Malinou v. Miriam Hospital*,  24 A.3d 497, 509 (R.I. 2011).  Similarly, and to borrow an example from the realm of medical malpractice, we have also stated that "[w]ith respect to a physician's alleged negligence, 'the expert must measure the care that was administered against the degree of care and skill ordinarily employed in like cases by physicians in good standing engaged in the same type of practice in similar localities.'" *Malinou*, 24 A.3d at 509 (brackets omitted) (quoting *Boccasile v. Cajun Music Limited*, 694 A.2d 686, 690 (R.I. 1997)).

---

a lay person and required expert testimony." *Rhode Island Resource Recovery Corporation v. Restivo Monacelli LLP*, 189 A.3d 539, 547 (R.I. 2018).

Here, much like legal and medical professionals,[3] real estate professionals are licensed and regulated by the state. *See* G.L. 1956 chapter 20.5 of title 5. To become a real estate professional in Rhode Island, an applicant must "submit to and pass a written examination to show the applicant's knowledge of the state statutes and the rules and regulations relating to real property, deeds, mortgages, leases, contracts, real estate relationships, and federal and state fair housing laws * * *." Section 5-20.5-4(a). To obtain a "real estate salesperson's" license, an applicant is required to complete "a minimum of forty-five (45) classroom hours in a real estate course * * *." Section 5-20.5-4(b). To receive a license as a real estate broker, an applicant must also demonstrate that he or she has "been engaged full time as a real estate salesperson for at least two (2) years immediately prior to the date of application" and that he or she has "successfully completed at least ninety (90) hours of approved classroom study * * *." *Id.*

Thus, real estate professionals have specialized knowledge and skills that are not known to the average layperson. Because a layperson does not have the same knowledge or experience as a real estate professional, it follows that expert testimony is generally required to establish the existence of a duty, breach of that duty, and proximate causation in a negligence action against such a professional. *See*

---

[3] General Laws 1956 chapter 37 of title 5 regulates the Board of Medical Licensure and Discipline. Admission to the bar and discipline of legal professionals are governed by Articles II and III of the Rhode Island Supreme Court Rules.

*Rhode Island Resource Recovery Corporation v. Restivo Monacelli LLP*, 189 A.3d 539, 547 (R.I. 2018) (providing that expert testimony is generally required for negligence actions against legal and medical professionals).

However, expert testimony is only required "to establish any matter that is not obvious to a lay person and thus lies beyond the common knowledge." *Donnelly Real Estate, LLC*, 291 A.3d at 994 (deletion omitted). Therefore, there is an exception that expert testimony is not required when the matter presented falls within the "common knowledge" of a layperson. *Id.* Much like the general principle requiring expert testimony, this exception is widely recognized:

> "[Expert testimony] is not necessary, however, where the matter under investigation is so simple and the lack of skill so obvious as to be within the range of the ordinary experience and comprehension of even nonprofessional persons, or where the standard of care is within the realm of common knowledge and the everyday experience of jurors." 57A Am. Jur. 2d *Negligence* § 175 at 257 (2022) (footnotes omitted).

An oft-cited example of expert testimony not being necessary because an issue does not exceed common knowledge is when "a surgeon * * * leave[s] an instrument inside a patient." *Laplante v. Rhode Island Hospital*, 110 A.3d 261, 265 (R.I. 2015). Expert testimony would likely not be required to show the existence of a duty in that situation because it would be obvious to a layperson that a surgeon should not unintentionally leave an instrument in a patient. *See id.*

The plaintiff argues that this matter falls squarely within the "common knowledge" exception. He submits:

> "Here, and [*sic*] expert is not necessary to determine if [d]efendants satisfied their duty of care when a basic internet search would have disclosed that the tenant they submitted to [p]laintiff was a disbarred attorney that, *inter alia*, (i) misappropriated client funds on four separate occasions; (ii) was found guilty of contempt twice for failure to comply with court order[s] and sentenced to ninety days in jail by the Worcester Probate Court; (iii) knowingly testified falsely and submitted false documents numerous times before the Worcester Probate and Family Court; and (iv) was found by the Massachusetts Supreme Judicial Court to have given false and misleading testimony."

We first note that plaintiff's framing of the issue in this case is incorrect. The question of whether an "expert is * * * necessary to determine if [d]efendants *satisfied* their duty of care when a basic internet search would have disclosed" the aforementioned issues with Dziurgot is not before this Court. Rather, it is clear from the record before us that the issue, as it was before the Superior Court, is whether expert testimony is required to *establish* the applicable standard of care. The manner in which plaintiff frames the issue presupposes that defendants owed plaintiff a duty to perform an internet search and implies that the Superior Court determined that expert testimony was necessary to show a breach of that duty.

Nevertheless, we do not believe that the relevant standard of care, concerning a real estate professional's obligation to perform a "simple internet search," is within

- 12 -

the bounds of "common knowledge" of a layperson. *Donnelly Real Estate, LLC*, 291 A.3d at 994. Here, plaintiff concedes that defendants "provided [him] with a credit and criminal background check" of Dziurgot, but he contends that this was insufficient because they should have also conducted a "basic internet search." The plaintiff is essentially asking the finder of fact to determine that the background check actually performed by defendants—in their capacity as real estate professionals—was insufficient because they failed to perform an internet search. Because neither a jury of laypeople nor judges conduct such background checks in their "everyday experience," for either one of them to answer that question, some evidence must be presented informing them of the standard practice of a "reasonably prudent" real estate professional in performing a background check. 57A Am. Jur. 2d *Negligence* §§ 173 at 254, 175 at 257; *see id.* § 173 at 254 ("[T]he standard of care applicable in the law of professional negligence is that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances."). Such evidence must necessarily come from an expert who has the knowledge and understanding of the typical practices of a real estate professional in conducting a background search.

Finally, as pointed out by defendants at oral argument, were we to determine that real estate professionals are required to perform such internet searches, lest they become liable for claims of negligence, several questions would quickly arise.

- 13 -

Which search engine should be used? Should several different search engines be used? How extensive should the search be? How are real estate professionals to confirm the veracity of the information they discover from such a search? At what point is a search complete and, therefore, liability is cut off? As noted above, real estate professionals are regulated by statute in Rhode Island, and in our system of government, which is secured by separation of powers, any request to add to those regulations, shape public policy, or answer the above enumerated questions, ought to be directed to the General Assembly.

Accordingly, we hold that the hearing justice did not err in rendering summary judgment in favor of the defendants.

## IV

## Conclusion

For the foregoing reasons, the judgment of the Superior Court is affirmed. The record may be returned thereto.

Justice Goldberg did not participate.

- 14 -



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | David Hurd, Trustee of the Amended and Restated David C. Hurd Trust Dated February 3, 1999 v. H & H Real Estate, LLC, d/b/a Hogan Associates, et al. |
| **Case Number** | No. 2025-55-Appeal. (NC 21-45) |
| **Date Opinion Filed** | June 3, 2026 |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Newport County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard D. Raspallo |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> James G. Atchison, Esq. |
| | For Defendants: <br><br> Mark P. Dolan, Jr. |